Deborah S. **BROTHERTON,**
et al., Plaintiffs,

v.

Frank P. **CLEVELAND,**
et al., Defendants.

No. C–1–89–105.

United States District Court,
S.D. Ohio,
Western Division.

Nov. 27, 1995.

See 1992 WL 151286.

John Henry Metz, Cincinnati, OH, for plaintiffs.

Philip Lewis Zorn, Jr., Assistant Prosecuting Attorney, Cincinnati, OH, for Frank P. Cleveland, Joseph M. Decourcy, Norman A. Murdock, Robert A. Taft, II.

Stephen Allison Bailey, Martin Bailey & MacDonald, Cincinnati, OH, for Eye Bank Ass'n.

Harry John Finke, IV, Graydon, Head & Ritchey, Cincinnati, OH, for Cincinnati Eye Bank.

John Joseph Cruze, Holly Susannah Doan, Porter, Wright, Morris & Arthur, Cincinnati, OH, for Ohio Valley Organ PR.

Bruce Bennett McIntosh, McIntosh, McIntosh & Knabe, Cincinnati, OH, for Bethesda North Hosp., Bethesda Inc.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on the Defendants' Joint Motion for Summary Judgment (doc. 179), and their Notice of Erratum (doc. 180), the Plaintiffs' response (doc. 186), and the Defendants' Reply (doc. 189). The Court heard oral argument on these issues at 11 A.M., on October 12, 1995.

## BACKGROUND

Deborah S. Brotherton, the wife of the decedent Steven Brotherton, filed this section 1983 action for wrongful removal of her deceased husband's corneas on February 9, 1989. She filed this action on her own behalf and on behalf of her children, as well as a purported class of similarly situated plaintiffs. On November 16, 1992, this Court certified a class in this action.

According to OHIO REV. CODE § 2108.60, a coroner may remove the corneas of autopsy subjects without consent, provided the coroner has no knowledge of an objection by the deceased, the decedent's spouse or any other person authorized to dispose of the body. On January 18, 1991, the Sixth Circuit found that the coroner's and eye bank's removal of corneas under this statute constituted state action. *See Brotherton v. Cleveland*, 923 F.2d 477 (6th Cir.1991). Furthermore, the Sixth Circuit found that Ms. Brotherton had a constitutionally protected property interest in her husband's corneas, and that removal of the corneas without a predeprivation hearing was a violation of the Fourteenth Amendment's Due Process Clause. *Id.* at 482.

This Court then found that the Coroner, Dr. Frank Cleveland, was entitled to qualified immunity and that the Cincinnati Eye Bank for Sight Restoration, Inc. and Eye Bank Association of America (collectively "Eye Banks") were not state actors. On appeal, the Sixth Circuit agreed that Dr. Cleveland was entitled to qualified immunity in his individual capacity, but held that he could be sued in his official capacity. *Brotherton v. Cleveland*, Case No. 91–3316, slip op. at *8, 968 F.2d 1214 (6th Cir. June 30, 1992). The Sixth Circuit also found that the Eye Banks were state actors and subject to suit under 42 U.S.C. § 1983. *Id.* at 9–10, 968 F.2d 1214.

The Defendants now move for summary judgment claiming that since they are state actors they are entitled to Eleventh Amendment immunity.

## STANDARD OF REVIEW

The narrow question that we must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. at 2552; *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir.1992); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Guarino*, 980 F.2d at 405.

As the Supreme Court stated in *Celotex*, the non-moving party must "designate"

specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Guarino*, 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino*, 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

 Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

### DISCUSSION

### I. Eleventh Amendment Immunity

 The Defendants claim that they are entitled to Eleventh Amendment immunity because they are state actors. The Eleventh Amendment to our Constitution states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has traditionally been read as a constitutional text directly protecting the sovereign immunity of the states. *See Hans v. Louisiana*, 134 U.S. 1, 13, 10 S.Ct. 504, 506, 33 L.Ed. 842 (1890) ("It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent."). The Eleventh Amendment bars any suit against a state or its agencies, unless the state consents to suit in federal court or Congress uses its powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment immunity. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985).[1] Additionally, suits against state officials in their official capacity can only be brought for prospective injunctive relief, absent a waiver by the state or a congressional override. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). Finally, the Eleventh Amendment does not bar suits against counties and municipalities. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### A. Coroner

 Dr. Cleveland claims that when he authorized the removal of decedent's corneas he was following a state statute, and thus, is entitled to Eleventh Amendment immunity. At the time these events occurred, Dr. Cleveland was the Hamilton County Coroner. A city or county official is entitled to Eleventh Amendment immunity only when he/she enforces state law or policy. *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir.1993) (citations omitted). In this case, Dr. Cleveland acted pursuant to Ohio Revised Code § 2108.60, when he permitted the other Defendants to remove decedent's corneas. The Sixth Circuit stated that "[w]e also hold the removal of Steven Brotherton's Corneas was caused by *established state procedures* and that *Ohio failed* to provide the necessary predeprivation process." *Brotherton*, 923 F.2d at 482 (emphasis added). Therefore, when Dr. Cleveland permitted the removal of corneas, he did so pursuant to Ohio law and is entitled to immunity.

The Plaintiffs claim that under Ohio Revised Code § 2180.60 the removal of corneas is a discretionary decision resting with the coroner. The Plaintiffs argue that when a county official has discretion to act under state law, his/her actions are not protected by the Eleventh Amendment. We agree with the Plaintiff that simply because a state law exists authorizing certain actions, it does

1. In Anglo–American law, it is assumed that the "sovereign" is immune from suit by private persons unless the sovereign consents to be sued. Much of the rationale behind Eleventh Amendment, qualified and absolute immunity reflect this general principal. *See Bryant v. Sylvester*, 57 F.3d 308, 314–15 (3d Cir.1995).

not make any official who acts pursuant to that statute immune. Often state law will be very general and will not prescribe how counties should act. The county will then establish a specific policy within the parameters of the general state law. In such a case, county officials would not be immune from suit. In this case, however, the Sixth Circuit stated that state law "induced" Dr. Cleveland's ignorance. *Brotherton,* 923 F.2d at 482. Although, the Sixth Circuit did not address the Eleventh Amendment issue in this case, we find that Dr. Cleveland was acting pursuant to state law. Dr. Cleveland followed the guidelines set forth in section 2108.60, and the policies he established were "induced" by Ohio law. Consequently, Dr. Cleveland is entitled to immunity in his official capacity.

### B. Eye Banks

The Defendants make the bald assertion that since the coroner is immune from suit so are the remaining private party defendants. See Defendants' Joint Motion for Summary Judgment, Document 179, at *8. For this proposition, the Defendants fail to provide the Court with any authority or even any argument in support.

The Court could not find any authority discussing whether private parties are entitled to Eleventh Amendment immunity. Many courts, including the United States Court of Appeals for the Sixth Circuit and United States Supreme Court, have found that private parties are not entitled to qualified or absolute immunity. Applying the rationale behind these decisions, we find that like qualified immunity, Eleventh Amendment immunity should not be extended to private parties.

■ Section 1983 "creates a species of tort liability that on its face admits of no immunities." *Imbler v. Pachtman,* 424 U.S. 409, 417, 96 S.Ct. 984, 988, 47 L.Ed.2d 128 (1976). The Supreme Court, however, has "accorded certain government officials either absolute or qualified immunity from suit if the 'tradition of immunity was so firmly rooted in the common law and was supported by such strong policy reasons that "Congress would have specifically so provided had it

wished to abolish the doctrine." ' " *Wyatt v. Cole,* 504 U.S. 158, 163–64, 112 S.Ct. 1827, 1831–32, 118 L.Ed.2d 504 (1992) (quoting *Owen v. City of Independence,* 445 U.S. 622, 637, 100 S.Ct. 1398, 1408, 63 L.Ed.2d 673 (1980) (quoting *Pierson v. Ray,* 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967))).

■ Consequently, absolute and qualified immunity from suit under section 1983 is dependent upon whether such an immunity was recognized at common law and whether public policy supports such an immunity. The Sixth Circuit has reduced the analysis to a two-part test: "The first part requires the party claiming immunity to show that the immunity was recognized at common law. The second part requires a showing of strong public policy reasons for granting such an immunity." *Duncan v. Peck,* 844 F.2d 1261, 1264 (6th Cir.1988).

In *Duncan,* the Sixth Circuit applied this analysis to determine whether a private party is entitled to qualified immunity. *Id.* The Sixth Circuit concluded that "[b]ecause we find no evidence that private parties were immune from suit at common law, and because the various rationales for good faith immunity are inapplicable to private parties, we hold that private parties are not eligible for immunity from suit." *Id.* at 1264 (holding that private individual who seized property pursuant to unconstitutional state attachment statute was not protected by qualified immunity).

In *Wyatt,* the Supreme Court also found no reason to extend qualified immunity to private parties. *Wyatt,* 504 U.S. at 168, 112 S.Ct. at 1833. The Supreme Court reasoned that qualified immunity was established to allow public officials "to serve the public good or to ensure that talented candidates were not deterred by the threat of damages suits from entering public service." *Id.* at 167, 112 S.Ct. at 1833. Qualified immunity acts to safeguard the government, and thereby "to protect the public at large, not to benefit its agents." *Id.* at 168, 112 S.Ct. at 1833. The same interests do not extend to private individuals. The public interest will not be unduly impaired if private individuals are re-

quired to proceed to trial and resolve their disputes. *Id.* at 168, 112 S.Ct. at 1833.

In this case, the Eye Banks claim they are entitled to immunity under the Eleventh Amendment. Eleventh Amendment immunity, however, has never been extended to protect private citizens. The Eleventh Amendment was enacted to protect a state's sovereignty and originated from the concept of federalism. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy,* 506 U.S. 139, 146, 113 S.Ct. 684, 689, 121 L.Ed.2d 605 (1993) ("'the very object and purpose of the Eleventh Amendment [are] to prevent the indignity of subjecting a *State* to the coercive process of judicial tribunals at the instance of private parties.'") (emphasis added) (citation omitted). Private parties simply do not have similar interests to the State, nor does public policy dictate that they be given immunity. *See Hammond v. Bales,* 843 F.2d 1320, 1323 (10th Cir.1988) (stating that the immunity of the state official should not provide a windfall defense to the private party); *Dennis v. Sparks,* 449 U.S. 24, 29, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980) (holding that private party who conspires with judge to violate civil rights is not entitled to judicial immunity); *see also Duncan,* 844 F.2d at 1264 ("[A] private party is governed only by self-interest and is not invested with the responsibility of executing the duties of a public official in the public interest."). In short, the Eleventh Amendment was only intended to reach the sovereign. Consequently, although the coroner is entitled to immunity in this instance, it does not follow that the Eye Banks are entitled to Eleventh Amendment immunity.

## CONCLUSION

Accordingly, the Court hereby GRANTS Defendant Frank Cleveland's Motion for Summary Judgment, but DENIES the Cincinnati Eye Bank for Sight Restoration's and Eye Bank Association of America's Motions for Summary Judgment. The Court hereby DISMISSES Frank Cleveland.

SO ORDERED.