**INTERROYAL CORPORATION, a Delaware corporation, Plaintiff–Appellant,**

v.

**Ralph H. SPONSELLER, and Superior Roll–Forming Company, Inc., an Ohio corporation, Defendants–Appellees.**

No. 88–3903.

United States Court of Appeals, Sixth Circuit.

Argued April 21, 1989.

Decided Nov. 14, 1989.

argued, Theresa A. Brown, Law Offices of Robert E. Purcell, Englewood, Colo., for plaintiff-appellant.

Robert F. Deacon, Thomas J. Collin, argued, Thompson, Hine & Flory, Cleveland, Ohio, for defendants-appellees.

Before JONES and NORRIS, Circuit Judges, and WOODS, District Judge.*

WOODS, District Judge.

InterRoyal Corporation commenced this lawsuit against a former employee, Ralph Sponseller, and Superior Roll–Forming Company on May 21, 1984, shortly after Superior employed Sponseller as its National Sales Director and began manufacturing True Gauge Shelving, a shelving product that was similar in design to InterRoyal's product. In its complaint, InterRoyal alleged that Sponseller breached his employment contract with InterRoyal by disclosing trade secrets to Superior and that Superior interfered with InterRoyal's contractual relations with Sponseller by obtaining trade secrets from Sponseller while he was still employed by InterRoyal. InterRoyal also claimed that Superior breached a contract with InterRoyal to not duplicate or use the design of InterRivet Shelving, a shelving product Superior had been manufacturing for InterRoyal pursuant to a June 8, 1981, purchase order.

On June 18, 1986, over two years after the commencement of the lawsuit, InterRoyal filed a motion for leave to file an amended complaint, which added claims of breach of fiduciary duty and unfair competition. The district court denied the motion to add claims of breach of fiduciary duty on November 26, 1986, and on January 23, 1987, denied the motion to add claims of unfair competition.

On January 26, 1987, Superior filed its motion for summary judgment. Superior accompanied the motion with a seventy-four page memorandum that contained a seventeen page statement of facts referencing specific portions of depositions and

George W. Stuhldreher, Gallagher, Sharp, Fulton & Norman, Cleveland, Ohio, Marco H. De Gaetano, Robert E. Purcell,

---

* The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation.

paragraphs of affidavits. Over five months later, InterRoyal filed its memorandum in response to Superior's motion. InterRoyal's response contained a fourteen page rendition of the facts that made only cursory reference to four of the seventeen depositions filed with the court and did not cite specific pages in the depositions or other documents of record to support its factual allegations. Sponseller filed his motion for summary judgment on September 2, 1987. His motion did not recite any facts or assert any legal arguments; it only incorporated Superior's motion by reference.

On November 2, 1987, the district court held a settlement conference that failed to achieve its intended results. At the close of the conference, the trial judge orally granted the defendants' motions for summary judgment and issued a written version of the order on November 13, 1987. In the district court's written order, the judge indicated that InterRoyal failed to meet its burden of responding to the defendants' motions because "its memorandum in opposition is devoid of references to any specific facts which may or may not be contained in the great bulk of depositions and exhibits which were filed on the eve of trial and more than five months after the filing of plaintiff's opposition." The judge indicated that the depositions to which InterRoyal referred in its memorandum were reviewed in their entirety and failed to raise a genuine issue of material fact.

On November 5, 1987, after the court's oral order, but prior to the written order, InterRoyal filed its own motion for partial summary judgment. The defendants did not respond to this motion and the court did not rule upon it. Instead, the district court entered a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to all claims except Sponseller's age discrimination claim. InterRoyal then filed this appeal.

## I.

On appeal, InterRoyal asserts that the trial court erred by granting the defendants' motions for summary judgment; by not granting InterRoyal's cross motion for summary judgment; and by denying InterRoyal's motion for leave to amend its complaint.

## A.

InterRoyal asserts that the district court erred when it granted summary judgment to Superior and Sponseller because they failed to sustain their burden of establishing the absence of a genuine issue of material fact and, even if they met their initial burden, InterRoyal sustained its corresponding burden by establishing a genuine issue of material fact.

In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. at 2552. The Court did not, however, require the moving party to negate the nonmoving party's claim. *Id.* at 323, 106 S.Ct. at 2552 ("no express or implied requirement in Rule 56 that the moving party support its motions with affidavits or other materials *negating* the opponent's claim").

In the present case, Superior met its burden. It supported its version of the facts with designated portions of affidavits and deposition transcripts that tended to establish that InterRoyal's claimed trade secrets were not protectible; that it did not interfere with InterRoyal's contractual relations; and that summary judgment was, therefore, proper.

Once the party moving for summary judgment has satisfied its burden, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)); *Celotex,* 477 U.S. at 324, 106 S.Ct. at

2553. This "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)). InterRoyal contends that it met this burden because it set forth specific facts raising a genuine issue of material fact and supported those facts by filing deposition transcripts and exhibits with the court. Superior disagrees and asserts that the nonmoving party can defeat a properly supported motion for summary judgment only by citing *specific portions*—presumably by page or paragraph number—of depositions, affidavits, and exhibits that raise a genuine issue of material fact.

■ A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establish a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." *Webster's Third New International Dictionary* (1986).

Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order. *See e.g., Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C.Cir.1988) (local rule); *Stepanischen Merchants Despatch Transportation Corp.*, 722 F.2d 922, 931–32 (1st Cir.1983) (local rule); *Friedel v. City of Madison*, 832 F.2d 965, 969 (7th Cir.1988) (pretrial order); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir.1988) (local rule).

■ In the present case, InterRoyal did designate specific portions of the record that raise genuine issues of material fact. It referred to the depositions of Thomas Blazek of Superior Roll–Forming Company, Roger Smith of the Bradbury Company, Stanley Rosko of InterRoyal Corporation, and Thomas DeBlase of the Binkley Company. Moreover, InterRoyal referred to purchase orders, telephone records, and product brochures. The district court was entitled to require more specificity; however, because it failed to notify InterRoyal of that requirement, it erred when it granted Superior's motion for summary judgment without granting InterRoyal an opportunity to amend its pleadings.

■ Superior contends that the trial court's error was harmless because a review of the record reveals that summary judgment is still appropriate. There is evidence that raises a reasonable inference that Superior knew Sponseller's employment relationship was governed by a nondisclosure agreement and that Sponseller discussed InterRoyal's confidential information with Superior while still in InterRoyal's employ. This evidence raises genuine issues of material fact as to InterRoyal's claim of tortious interference with contractual relations and its claims of misappropriation of trade secrets. There is also conflicting evidence as to the parties' interpretation of the agreement between InterRoyal and Superior, whereby Superior was authorized to produce shelving to satisfy one of InterRoyal's customers. This raises a genuine issue of material fact as to InterRoyal's claims of contract breaches. Thus, the trial court's error was not harmless, but rather, reversible.

### B.

In its motion for summary judgment, Superior asserted that a clause in the June 8, 1981, purchase order, which prohibited Superior from manufacturing shelving sim-

ilar to shelving it manufactured for Inter-Royal, amounted to a restraint on trade. InterRoyal's own motion for summary judgment requested the trial court declare that the contract was not an unlawful restraint of trade. Because the trial court did not grant InterRoyal's motion, Inter-Royal appealed this issue. The trial court, however, never rendered a decision granting or denying the motion. Under these circumstances, it is inappropriate for an appellate court to consider the issue because "it was not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

### C.

■ InterRoyal's final argument on appeal is that the trial court abused its discretion when, without stating any reasons for its decision, it denied InterRoyal leave to amend its supplemental complaint with claims of breach of fiduciary duty and unfair competition.

"Federal Rule of Civil Procedure 15(a) provides that generally after a responsive pleading has been served, as it had been in the instant case, 'a party may amend the party's pleading only by leave of court; and leave shall be freely given when justice so requires.'" *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Although this court reviews denials of leave to amend only for abuse of discretion, it should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir.1987) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986)).

> Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing par-

ty are critical factors in determining whether an amendment should be granted.

*Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973) (*quoted in Head v. Jellico Housing Authority*, 870 F.2d at 1123.)

In the present case, the trial judge abused its discretion when it denied Inter-Royal leave to amend its complaint. Although the motion was made after litigation had been proceeding for over two years, the only prejudice raised by Superior was the time and expense involved in redeposing Superior and InterRoyal employees. "The proper remedy for subjecting [a party] to duplicative discovery would be to require the amending party to bear a portion of the additional expense." *Janikowski v. Bendix Corp.*, 823 F.2d at 952.

■ Moreover, contrary to Superior's assertions, amending the complaint would not be futile. A manufacturer-supplier relationship can rise to the level of fiduciary if the relationship involves the confidential access to trade secrets. *See CPG Products Corp. v. Mego Corp.*, 214 U.S.P.Q. 206, 213 (S.D.Ohio 1981). Thus, InterRoyal's claim of breach of fiduciary duty is colorable. Moreover, the claim of unfair competition is also valid. That count alleged that Superior engaged in unfair competition by copying InterRoyal's load bearing data with regard to InterRoyal's shelving and represented it as the load bearing data of its shelving. These allegations arguably give rise to a claim of unfair competition, which "ordinarily consists of representations by one person, for the purpose of deceiving the public, that his goods are those of another." *Water Management, Inc. v. Stayanchi*, 15 Ohio St.3d 83, 85, 472 N.E.2d 715, 717 (1984). Accordingly, the trial judge's denial of the motion to amend the complaint was reversible error.

### II.

In conclusion, the trial court's grant of summary judgment to the defendants and its denial of the plaintiff's motion to amend its supplemental complaint are RE-

VERSED and the case is hereby RE-MANDED for further proceedings.