**Harvey E. MEYER, Plaintiff,**

v.

**ERNST & YOUNG, Defendant.**

**No. C–1–91–861.**

United States District Court,
S.D. Ohio, W.D.

June 21, 1993.

Randolph Harry Freking, Freking & Betz, Cincinnati, OH, for plaintiff.

Michael Wesley Hawkins, Dinsmore & Shohl, Cincinnati, OH, Michael S. Poulos, Ernst & Young, Cleveland, OH, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's Motion for Summary Judgment (doc. 12), the Plaintiff's Response (doc. 14) and the Defendant's Reply (doc. 15). A hearing was held on this matter on May 26, 1993.

## BACKGROUND

In this age discrimination case, the Plaintiff, age 64, claims that he was involuntarily retired from his employment at the Defendant Ernst & Young. The Plaintiff claims that he was terminated while younger, less qualified individuals were retained, in violation of state and federal law. The Plaintiff further asserts that direct evidence of age discrimination exists, including the Defendant's questioning the Plaintiff about his retirement plans. In support of the Plaintiff's claim that summary judgement is inappropriate in this case, the Plaintiff lists a number of factors he claims are material issues of fact which should be submitted to a jury. Among those factors are:

1) whether the Plaintiff was more qualified than the Defendant's Cincinnati office manager, Jerry Moeddel (age 50), for the "new" office manager/financial data contact position;

2) whether Gerald Hill, the managing partner of the Defendant's Cincinnati Office, told Moeddel to learn the Plaintiff's job specifically to invent a reason to justify retiring the Plaintiff after regionalization;

3) whether Hill's motive for requiring Moeddel to learn the Plaintiff's job was pretext for age discrimination;

4) whether Hill chose the Plaintiff for termination after regionalization due to the Plaintiff's eligibility for retirement;

5) whether Hill had deliberately forced the Plaintiff to retire;

6) whether the retirement of the Plaintiff was voluntary.

The Defendant, on the other hand, claims that none of these issues are material. The Defendant claims that the record establishes that the Plaintiff was a member of the bookkeeping department in the Defendant's Cincinnati office. The Defendant further asserts that the Plaintiff's position was eliminated along with almost every other position in the bookkeeping departments in the firm's North Central Region (which includes Cincinnati) when the bookkeeping department of each of the region's nine local offices were eliminated as part of a region-wide reorganization. The Defendant further claims that the decision to eliminate the Plaintiff's position was not made by Mr. Hill in Cincinnati, but rather was made in Cleveland, the Defendant's regional headquarters, by individuals not accused by the Plaintiff of harboring an age bias. The Defendant also claims that the record establishes that Mr. Moeddel's position as office manager was not a "new" position, and that the Plaintiff was not entitled to that position after his position in the bookkeeping department was eliminated.

Finally, the Defendant claims that under Sixth Circuit law, the Defendant is under no obligation to transfer to another position an employee terminated due to a reduction in work force. Furthermore, the Defendant claims, because the elimination of the Plaintiff's position was decided in Cleveland and not by Mr. Hill in Cincinnati, the list of allegedly disputed points of fact concerning Mr. Hill's intentions, are immaterial. Therefore, the Defendant claims, the Defendant is entitled to summary judgement as a matter of law. We agree.

## STANDARD OF REVIEW

The narrow question that we must decide on a motion for summary judgment is wheth-

er there exists a "... genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgement as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. at 2552; *Guarino v. Brookfield TP. Trustees,* 980 F.2d 399, 405 (6th Cir.1992); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R.Civ.P. 56(e). *Guarino,* 980 F.2d at 405.

■ As the Supreme Court stated in *Celotex,* the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Guarino,* 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino,* 980 F.2d at 405 (quoting *Inter–Royal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

■ Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion

for summary judgment. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990).

## ANALYSIS

■ When an employee's position is terminated due to a reduction in work force, the federal age discrimination statute does not require the employer to transfer the terminated employee to another position regardless of whether the other position is occupied by a less qualified, younger individual. *Ridenour v. Lawson Co.,* 791 F.2d 52, 57 (6th Cir.1986); *Sahadi v. Reynolds Chemical,* 636 F.2d 1116, 1117 (6th Cir.1980). The failure to transfer a terminated employee to another position, therefore, is not sufficient to establish a violation of the federal and state age discrimination laws. *Lawson Co.,* 791 F.2d at 57; *Sahadi,* 636 at 1117. Likewise, spreading the duties of an employee terminated as part of a reduction in work force to other employees is not violative of the age discrimination laws. *Lilley v. BTM Corp.,* 958 F.2d 746, 752 (6th Cir.1992). Thus, an individual terminated as the result of a legitimate reduction in work force is not entitled to be transferred to another position even if that position is occupied by a younger less experienced individual.

In this case, the Defendant has offered evidence that the Plaintiff's employment was terminated as part of a region-wide reorganization plan which resulted in the elimination of the Defendant's position, along with all of the other bookkeeping positions in the regional offices. The Defendant has also offered evidence that the decision to eliminate the bookkeeping departments in the region was not made by Mr. Hill in the Cincinnati office, but rather was made by individuals in the Cleveland office. The Court, after searching the record, is unable to find any evidence in the record to cast these assertions into doubt.

■ Similarly, the Plaintiff claims that a material issue of fact exists as to whether the Plaintiff was more qualified than Mr. Moeddel for the "new" position of manager/financial data contact position filled by Mr. Moeddel after the reorganization took place. The

Plaintiff claims that the Defendant's choosing Mr. Moeddel for this new position created by the reorganization, is probative of age discrimination. We disagree.

The Defendant has offered in the record evidence that there was in fact, no "new" position. Mr. Moeddel's pre-reorganization position of Office Manager remained virtually unchanged after the reorganization. The only change in Mr. Moeddel's duties, according to his affidavit, was the addition of some responsibilities, constituting roughly only ten percent of his total duties, which remained after the elimination of the Plaintiff's position. Again, the Plaintiff has pointed to nothing in the record to rebut the Defendant's evidence sufficient to raise a genuine issue of material fact, as required to defeat a motion for summary judgement. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Guarino v. Brookfield TP. Trustees,* 980 F.2d 399, 405 (6th Cir.1992).

Thus, based on the record, we conclude that the Defendant's failure to transfer the Plaintiff to Mr. Moeddel's position, like the transferring of the Plaintiff's remaining duties to Mr. Moeddel, is not evidence of age discrimination. *See Lawson Co.,* 791 F.2d at 57; *Ackerman v. Diamond Shamrock Corp.,* 670 F.2d 66, 70 (6th Cir.1982); *Sahadi,* 636 at 1117. The Plaintiff, therefore, has failed to raise a material issue of fact by asserting that the Plaintiff is more qualified than Mr. Moeddel for the position occupied by Mr. Moeddel's position.

▆ The Plaintiff also claims that other issues of possible dispute raise genuine issues of material fact in this case. For example, the Plaintiff claims that it is a disputed material issue of fact whether Gerald Hill, the managing partner of the Cincinnati Office, told Mr. Moeddel to learn the Plaintiff's job specifically to invent a reason to justify retiring the Plaintiff after regionalization. The Plaintiff also asserts that it is a material issue of fact whether Hill's motive for requiring Mr. Moeddel to learn the Plaintiff's job was pretext for age discrimination.

Because, as noted above, the Plaintiff has failed to point to evidence establishing that Mr. Moeddel's position was a new one for which Plaintiff was entitled consideration, and that Mr. Hill and not the Cleveland office made the decision to terminate the Plaintiff's position, the questions raised by the Plaintiff regarding Mr. Hill's actions are irrelevant. *Ackerman v. Diamond Shamrock Corp.,* 670 F.2d 66, 70 (6th Cir.1982). Similarly, in light of the evidence suggesting that the decision to terminate the Plaintiff's position was made in Cleveland, Mr. Hill's decision to classify the Plaintiff's separation from employment as a retirement, absent more, does not raise a genuine issue of material fact. *See id.* The Plaintiff's assertions regarding Mr. Hill's alleged actions, therefore, are insufficient to raise a genuine issue of material fact, rendering summary judgment appropriate in this case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Guarino v. Brookfield TP. Trustees,* 980 F.2d 399, 405 (6th Cir.1992).

## CONCLUSION

The Plaintiff has offered no probative evidence that the Plaintiff's employment was not eliminated as part of a legitimate, region-wide reorganization. Similarly, the evidence in the record reflects that Mr. Moeddel's post-reorganization position was not a "new" position for which the Plaintiff was entitled to be considered. The Plaintiff furthermore, has not offered any probative evidence that the decision to eliminate the Plaintiff's position was made by Mr. Hill in Cincinnati, and not in the Cleveland office as the evidence suggests. We must therefore conclude, that where, as here, the Plaintiff, after ample time to complete discovery, is unable to point to any issues of material fact in the record concerning his age claims, the moving party is entitled to summary judgement as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Similarly, the Plaintiff's *Greely* claim must fail. Where the elimination of the Plaintiff's position was legitimate, there could by no violation of public policy. *See Greely v. Miami Valley Maintenance,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990); *see also Rheinecker*

*v. Forest Pharmaceuticals,* 813 F.Supp. 1307 (S.D.Ohio 1993) (holding *Greely* claim not available when plaintiff has another private right of action under which to pursue claim).

Accordingly, we hereby GRANT the Defendant's Motion for Summary Judgment, and this matter is dismissed.

SO ORDERED.