73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re BLAZO CORPORATION, Debtor.
Richard A. WILSON, Plaintiff-Appellee,
v.
Don CARMAN, Family Health Systems, Inc., and USA Stock
Transfer Corp., Defendants-Appellants.
 No. 94-3797.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1995.
 
 Before: CONTIE, NELSON, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a summary judgment in favor of plaintiff Richard A. Wilson, Blazo Corporation's trustee in bankruptcy, in a proceeding to set aside as fraudulent certain transfers made by Blazo to one or another of the defendants. The main questions to be decided are whether there is an appealable final judgment and, if so, whether the defendants--sustained their burden of presenting the facts of their affirmative defense to the district court in such a way that the court ought to have withheld summary judgment. Answering the first question "yes" and the second "no," we shall affirm the judgment.
 
 
 2
 * Defendant Family Health Systems, Inc., the president of which is defendant Don Carman, organized Blazo Corporation as a wholly owned subsidiary. A controlling block of Blazo's stock was subsequently transferred to a company known as Vision Television Network, Inc. Defendant USA Stock Transfer Corp.--the president of which is defendant Carman's wife--is a stock transfer agent that claims to have been involved in the transfer of stock to Vision.
 
 
 3
 Blazo and Vision were purportedly engaged in establishing a low-power television network. The two companies sold blocks of television air time on the basis of representations that they would repurchase the time for twice as much as the buyers had paid for it. This was a classic Ponzi scheme, with proceeds received from new buyers being used to repurchase air time from old buyers. When the scheme collapsed, Blazo and Vision went bankrupt.
 
 
 4
 Mr. Wilson, the trustee in bankruptcy, filed a complaint in the bankruptcy court in which he alleged receipt by the defendants of fraudulent transfers totalling $104,995.70. The complaint concluded with a prayer for judgment in that amount, plus prejudgment interest and costs.
 
 
 5
 The defendants filed an answer in which they pleaded, as an affirmative defense, that all of the payments in question were for services rendered or goods delivered. The answer alleged that all payments to defendant USA Stock Transfer were for services rendered in the transfer of stock. One of the payments to defendant Family Health Systems was alleged to have been made to it in its capacity as escrow agent for the sale of Blazo stock owned by third parties. All payments to defendant Don Carman were alleged to have been intended for defendant Family Health Systems, to which company Carman allegedly turned over the money. The answer contained a demand for trial by jury.
 
 
 6
 The jury demand resulted in the case being transferred to the district court soon after the service of discovery requests on the defendants by the plaintiff trustee. A number of months then elapsed without any activity on the discovery requests.
 
 
 7
 On January 7, 1994, the trustee moved for summary judgment in amounts totalling $83,373.00. (One of the claims against Mr. Carman--for $21,622.70--appears to have been dropped.) In his motion the trustee argued that the defendant's failure to respond to his requests for admissions established that the transfers had been made with actual intent to hinder, delay or defraud creditors. See 11 U.S.C. Sec. 548(a)(1), which entitles the trustee to avoid such transfers.
 
 
 8
 On January 27, 1994, the defendants filed a brief opposing summary judgment. Three days earlier, on January 24, the defendants moved for leave to make a late filing of responses to the plaintiff's requests for admissions. The plaintiff filed a brief in opposition to the motion for leave to file late responses, and the motion was denied the following month.
 
 
 9
 In the meantime, the defendants filed a notice reading as follows:
 
 
 10
 "Please take notice that on the 31st day of January, 1994, Defendants Don Carman, Family Health Systems, Inc. and USA Stock Transfer Corp. return the answers to Requests for Admissions, Interrogatories and Requests for Documents. The documents requested were offered to the Trustee prior to the initiation of this litigation. Owing to his lack of interest and refusal to accept them, they have since been disposed of. An Affidavit to this effect is attached, and has also been attached to the Requests for Admissions, Interrogatories and Requests for Documents."
 
 
 11
 The notice was accompanied by a three page affidavit executed by defendant Carman on January 31, 1994, the same day on which the notice and affidavit were filed with the court.
 
 
 12
 On March 4, 1994, the plaintiff's summary judgment motion was referred to a magistrate judge for his report and recommended decision. In due course the magistrate judge submitted a report recommending that the summary judgment motion be granted. The recommendation noted that the trustee's request for prejudgment interest and costs was not resolved.
 
 
 13
 The defendants filed timely objections to the magistrate judge's recommendation. The objections made no reference to defendant Carman's affidavit of January 31, 1994. The plaintiff filed a response to the defendants' objections, but he took no action to secure a resolution of his claim for prejudgment interest.
 
 
 14
 In June of 1994 the district court entered an order adopting the report of the magistrate judge and granting the trustee's motion for summary judgment. The order made no reference to prejudgment interest. (Notwithstanding the explicit reminder in the report of the magistrate judge that the claim for prejudgment interest remained unresolved, the plaintiff never made any attempt to reduce the claim to judgment.) Within 30 days after entry of the district court's order, the defendants filed a notice of appeal from what was referred to in the notice as the court's "final" order.
 
 II
 
 15
 After the filing of the initial briefs in this court, we invited the attention of the parties to Pace Communications, Inc. v. Moonlight Design, Inc., 31 F.3d 587, 590-91 (7th Cir.1994), and asked for supplemental briefing on the question whether the district court had rendered a final decision appealable under 28 U.S.C. Sec. 1291. Supplemental briefs were duly filed. The supplemental brief of the defendants persuades us that the order entered by the district court on June 28, 1994, was final and appealable. The plaintiff, in our view, has waived his claim to prejudgment interest through inaction, and there are no claims still waiting to be resolved.
 
 
 16
 Turning to the merits of the appeal, the defendants argue that summary judgment was inappropriate because the plaintiff trustee did not demonstrate that the defendants failed to give value for the alleged fraudulent transfers.[1] The argument rests on an apparent misunderstanding of the plaintiff's burden.
 
 
 17
 Under 11 U.S.C. Sec. 548(c), the good faith giving of the value to the debtor in exchange for a transfer made by the debtor with actual intent to hinder, delay, or defraud creditors is an affirmative defense as to which the burden of proof rests with the defendant. See In re Bell & Beckwith, 64 B.R. 620, 629 (Bankr.N.D.Ohio 1986), stating that the "defendant has the burden of proof as to whether a debtor received reasonable equivalent value in a transfer which was made with the intent to hinder, delay, or defraud creditors." See also In re Candor Diamond Corp., 76 B.R. 342, 351 (Bankr.S.D.N.Y.1987).
 
 
 18
 Once a motion for summary judgment is made, a nonmoving party who bears the burden of proof on an issue must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986), quoting Rule 56, Fed.R.Civ.P. In their memorandum opposing the plaintiff trustee's motion for summary judgment in this case the defendants presented a wide assortment of financial and corporate documents, but none of this evidence showed that value was given for the alleged fraudulent transfers. The defendants failed to "designate" facts showing a genuine issue with respect to the Sec. 548(c) defense.
 
 
 19
 The January 31 affidavit from Mr. Carman, ostensibly filed to explain the destruction of documents covered by the plaintiff's discovery requests, does assert facts indicating that USA Stock Transfer and Blazo gave value for the alleged fraudulent transfers. There is no indication however, that the affidavit was ever brought to the attention of the district court in connection with the summary judgment proceedings. The affidavit was neither mentioned in nor attached to the defendants' memorandum in opposition to the motion for summary judgment. Neither was it referred to in the defendants' objections to the magistrate judge's report and recommendation.
 
 
 20
 "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment, especially where, as here, the nonmoving party is well aware of the existence of such evidence." Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n. 7 (5th Cir.), cert. denied, 113 S.Ct. 98 (1992). Cf. InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989), cert. denied, 494 U.S. 1091 (1990). Because the defendants failed to refer to the Carman affidavit in their summary judgment response, the affidavit was not properly before the district court in deciding whether to grant the motion. See Skotak, 953 F.2d at 915. And "[a]lthough on summary judgment the record is reviewed de novo, this court, for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." Id.
 
 
 21
 Accordingly, the order granting summary judgment is AFFIRMED.
 
 
 22
 CONTIE, Circuit Judge, dissenting.
 
 
 23
 My colleagues believe that Wilson waived his claim to prejudgment interest through inaction. I respectfully disagree.
 
 
 24
 In his complaint, Wilson demands "prejudgment interest, costs, and such other and further relief as the Court deems proper." Complaint at 5. In his Report and Recommendation, the magistrate judge noted that "[t]he trustee's remaining request for prejudgment interest and costs ... is not resolved by this motion for summary judgment." Report and Recommendation at 10. Though the district court "adopted and incorporated" the magistrate judge's findings into its order granting the trustee's motion for summary judgment, the court failed to resolve Wilson's demand for prejudgment interest.
 
 
 25
 The Supreme Court has "repeatedly stated that prejudgment interest 'is an element of [plaintiff's] complete compensation.' " Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989) (brackets in original) (quoting West Virginia v. United States, 479 U.S. 305, 310 (1987)). "[U]nlike a request for attorney's fees or a motion for costs, a motion for discretionary prejudgment interest does not 'raise issues wholly collateral to the judgment in the main cause of action,' nor does it require an inquiry wholly 'separate from the decision on the merits.' In deciding if and how much prejudgment interest should be granted, a district court must examine ... matters encompassed within the merits of the underlying action." Osterneck, 489 U.S. at 175-76 (citations omitted). See also Id. at 176-77 n. 3 ("Courts and litigants are best served by the bright-line rule ... that a motion for prejudgment interest implicates the merits of the district court's judgment."). See also Pace Communications, Inc. v. Moonlight Design, Inc., 31 F.3d 587 (7th Cir.1994) (a judgment that still leaves open the liability for, or amount of, prejudgment interest is not final and appealable).
 
 
 26
 The magistrate judge expressly noted that Wilson's request for prejudgment interest remained unresolved. The district court "adopted and incorporated" the magistrate judge's Report and Recommendation without ruling on Wilson's prejudgment interest claim. The defendants then appealed to this court. Though my colleagues believe that Wilson waived his prejudgment interest claim by not reminding the district court that the issue remained unresolved, I believe that Wilson had no obligation to do so. Accordingly, I believe that we lack jurisdiction to entertain this appeal.
 
 
 
 [1]
 The trustee contends that the defendants waived their "value" defense by not raising it. We find, however, that the defendants sufficiently raised the defense in their answer and memorandum in opposition to summary judgment