David A. HAGEDORN, Plaintiff,

v.

VERITAS SOFTWARE
CORP., Defendant.

No. C–1–01–781.

United States District Court,
S.D. Ohio,
Western Division.

Oct. 9, 2002.

---

858

Randolph Harry Freking, Megan E. Clark, Freking & Betz, Cincinnati, OH, for plaintiff.

Daniel L. Clark, Jr., Squire, Sanders & Dempsey, Columbus, OH, for defendant.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendant Veritas Software Corporation's Motion for Summary Judgment and Alternative Motion to Compel Arbitration (doc. 4), Plaintiff's Memorandum in Opposition (doc. 6), and Defendant's Reply (doc. 8).

## BACKGROUND

The following facts have been derived from the various pleadings, motions, and responses in this matter. This is a case about the discharge of an employee over alleged racial slurs that were recorded on an answering machine, while another younger employee who was allegedly involved in the same phone call was not discharged (doc. 1). Plaintiff, former employee of Defendant Veritas Software Corporation ("Veritas"), argues that the al-

leged inconsistent enforcement of Veritas' "zero tolerance" policy with regard to racial epithets, in this specific case as well as others, demonstrates that his discharge was really motivated by age discrimination (*Id.*). Plaintiff further alleges that he was treated differently than similarly-situated younger employees during his employment (*Id.*). Plaintiff brings his claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, Ohio Revised Code § 4112.14, and under the theory that his discharge was a breach of Ohio public policy (*Id.*).

Defendant filed its motion for summary judgment attacking Plaintiff's choice of judicial forum for the resolution of this dispute (doc. 4). According to Defendant, this dispute should be governed by an arbitration agreement signed by Plaintiff (*Id.*). Defendant posits that Plaintiff has expressly repudiated the arbitration agreement by seeking judicial relief, and as such has waived his right to arbitrate his claims (*Id.*). In the event that the Court would find that Plaintiff has not waived his right to arbitration, Defendant urges the Court to compel arbitration (*Id.*).

Plaintiff opposes Defendant's motion on the grounds that the arbitration agreement referred to by Defendant is not enforceable because its language is indefinite, it impedes Plaintiff's ability to vindicate his statutory rights, it fails to provide for mutuality of obligation, and it is an adhesion contract (doc. 6). Plaintiff argues that Defendant cannot rely on "At will" Language in the contract and various documents to excuse its alleged age discrimination (*Id.*). Plaintiff further argues that because no valid arbitration contract existed, he cannot be held to have repudiated a contract (*Id.*). In the event the Court would find that Plaintiff has waived his right to a jury trial, Plaintiff argues that he should not be

foreclosed from arbitrating his claims (*Id.*). Finally, Plaintiff also signals to the Court that his efforts to obtain a copy of the tape recording of the phone conversation have been fruitless (*Id.*). Plaintiff argues that this recording is at the heart of the dispute, as Defendant has alleged that the conversation was the basis for his termination (*Id.*). Plaintiff argues that this fact should be construed against Defendant, and further serves as evidence that Plaintiff's remarks were not racially derogatory.

## ANALYSIS

### I. Standard of Review

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. Id. at 321, 106 S.Ct. 2548; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific

facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see *Guarino*, 980 F.2d at 405.

As the Supreme Court stated in *Celotex*, the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Guarino*, 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino*, 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990). Furthermore, the fact that the non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. *Guarino*, 980 F.2d at 410; *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991).

## II. The Arbitration Clause

The arbitration clause at issue in this case is found in an agreement entitled "Agreement Concerning Certain Duties of Veritas Employment: Inventions, Trade Secrets, and Disclosures," which Plaintiff signed before commencing his employment on January 2, 2001 (doc. 4). Plaintiff attacks this agreement as unenforceable un-

der a number of theories (doc. 6). In the interest of judicial economy, the Court will devote its analysis to Plaintiff's argument that the agreement is illusory, as such argument is well-taken.

## A. The Agreement is Illusory

■ Plaintiff argues that under Ohio law, a contract cannot be enforced without mutuality of obligation, citing *Thomas G. Snavely Co. v. Brown Constr. Co.*, 16 Ohio Misc. 50, 239 N.E.2d 759, 762 (1968)(doc. 6). Plaintiff then points out two paragraphs that demonstrate a lack of mutuality in the agreement (*Id.*). In paragraph 13, the document states:

In the event of any violation of this Agreement by me, and in addition to any relief or remedies to which VERITAS is entitled, I agree that Veritas shall have the right to an immediate injunction and shall have the right to recover the reasonable attorney's fees and court costs expended in connection with any litigation instituted to enforce this Agreement.

(doc. 6). Plaintiff argues, and the Court finds well-taken, that this clause provides Veritas with unfettered discretion to seek legal relief to enforce the agreement. By contrast, in paragraph 16, the document purports to require Plaintiff to submit any and all employment-related disputes to arbitration:

Any dispute or claim, whether based on contract, tort, or otherwise, relating to or arising out of my employment by Veritas shall be submitted by the parties to arbitration by the American Arbitration Association in the City of San Francisco, State of California and shall be subject to final and binding arbitration . . .

(*Id.*). Defendant argues that this Court should construe the meaning, effect or validity of the agreement in accordance with

the laws of California because the parties agreed in the document that California law would govern any disputes. (doc. 4). There is precedent from California on point with the case at hand. In *Mercuro v. The Superior Court of Los Angeles County,* 96 Cal.App.4th 167, 175–76, 116 Cal.Rptr.2d 671 (2002), the Second Appellate District Court of Appeal of California found an arbitration agreement with similar conflicting clauses unenforceable. The *Mercuro* arbitration clause covered tort claims, discrimination claims, and the like, but specifically excluded claims for "injunctive and/or other equitable relief for intellectual property violations, unfair competition and/or the... unauthorized disclosure of trade secrets or confidential information." *Mercuro,* 96 Cal.App.4th at 175–76, 116 Cal.Rptr.2d 671. The California court found that the agreement compelled arbitration of the claims employees were most likely to bring against the company, while exempting from arbitration the claims the company was most likely to bring against its employees. *Id.* at 176, 116 Cal.Rptr.2d 671. *Mercuro* cited *Armendariz v. Foundation Health Psychcare Services, Inc.,* 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000), where the California Supreme Court found "an agreement requiring arbitration only for the claims of the weaker party but a choice of forums for the claims of the stronger party" substantively unconscionable. *Id.* at 119, 99 Cal.Rptr.2d 745, 6 P.3d 669. The *Armendariz* court stated that an arbitration agreement "lacks basic fairness and mutuality if it requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or occurrence or series of transactions or occurrences." *Id.* at 120, 99 Cal.Rptr.2d 745, 6 P.3d 669. The Fourth Appellate District Court of Appeal of California has likewise noted, in the context of finding an arbitration oppressive, that "[i]t is interesting to note that not all of [Defendant's] disputes are bound for arbitration: [Defendant] preserved its right to pursue claims related to or based on their marks (service and trade) in court." *Bolter v. the Superior Court of Orange County,* 87 Cal. App.4th 900, 104 Cal.Rptr.2d 888, 894, fn. 2 (2001).

Defendant attempts to reconcile paragraphs 13 and 16 by arguing that it needs immediate access to injunctive relief from the courts in order to protect its intellectual property rights, but concedes that ultimately it would be bound to arbitrate its claims against Plaintiff (doc. 8). Defendant argues that paragraph 13 does not give it a unilateral right to litigate, and that it is entirely consistent with ultimately arbitrating claims and the provisional remedies of the California Arbitration Act (*Id.*).

In *Stirlen v. Supercuts, Inc.,* the First Appellate District Court of Appeal of California rejected a similar argument. 51 Cal.App.4th 1519, 1537, 60 Cal.Rptr.2d 138 (1997). Defendant Supercuts, Inc. contended that it needed immediate access to injunctive relief from the courts in order to protect its intellectual property rights. *Id.* The Court of Appeal pointed out, however, that the emergency judicial relief Defendant asserted it must have was available to a party compelled to arbitrate a dispute, citing Cal.Code Civ. Proc. § 1281.8, which states:

A party to an arbitration agreement may file [in court] an application for a provisional remedy [including a preliminary injunction] in connection with an arbitrable controversy, but only on the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief.

In the present matter, Defendant argues that paragraph 13 is consistent with the remedy provided by Section 1281.8, and that they still agree to ultimately arbitrate

its claims against the Plaintiff. The Court finds, however, that this interpretation is not clear within the four corners of the agreement, but is offered *post hoc* in an attempt to salvage an agreement that lacks mutuality. Paragraph 13 does not refer to Section 1281.8, nor to arbitration, but gives Defendant rights as to "any litigation instituted to enforce this Agreement" (doc. 6). Paragraph 13 therefore clearly contemplates litigation by Defendant rather than exclusive arbitration. The agreement thus provides Veritas with discretion to seek legal relief to enforce the agreement while forcing Plaintiff to submit any and all employment disputes to arbitration. As such there is a lack of mutuality of obligation and the contract is illusory.

## B. The Arbitral Forum in San Francisco

■ As stated above, having found the arbitration agreement illusory, there is adequate basis for the Court to deny Defendant's Motion for Summary Judgment, and the Court need not reach the Parties' other arguments as to the agreement's enforceability. However, the Court wishes to address briefly the requirement in the agreement that San Francisco serve as the arbitral forum. Although the Defendant concedes in its Reply (doc. 8)that it would not be adverse to conducting arbitration in Ohio, the Court notes that the term requiring arbitration in San Francisco is unfair and unenforceable as to Plaintiff. California courts have found that the place or manner in which arbitration is to occur can make the arbitration unfair. *Strotz v. Dean Witter Reynolds, Inc.*, 223 Cal. App.3d 208, 216 fn. 7, 272 Cal.Rptr. 680 (1990), *Bolter*, 87 Cal.App.4th at 908–09, 104 Cal.Rptr.2d 888 (place and manner terms found unduly oppressive when such terms required franchisees wishing to resolve any dispute to close down their shops, pay for airfare and accommodations out-of-state, and absorb the cost of having counsel familiar with out-of-state forum's law). In this case, requiring Plaintiff to travel to San Francisco, where he has no other business other than to pursue these claims, would necessitate that he incur travel and accommodation expenses and that he take time off from his current job. Plaintiff is a lifelong resident of Ohio, most of his family is in Ohio, and he has strong ties to the Cincinnati area. As Plaintiff correctly notes, courts have viewed with antipathy such arbitral forum requirements established by the stronger bargaining party. *Geiger v. Ryan's Family Steak Houses, Inc.*, 134 F. Supp 2d 985, 995 (S.D.Ind.2001), *Bailey v. Lecuyer*, No. 01–545, 2002 WL 100391 *7, 2002 U.S. Dist. LEXIS 1343 *22 (D.Minn., January 23, 2002)(the need to travel to defendant's forum, combined with other expenses, meant the cost to pursue the claim was unjustly precluded). The Court concludes with the finding that the agreement's mandatory arbitral forum in San Francisco, California, is unduly burdensome as to Plaintiff.

## C. The Refusal of Defendant to Produce the Audio Tape

■ As a final matter, the Court finds that Defendant's refusal to produce the audio tape of the remarks of Plaintiff and his younger colleague shall be construed against Defendant. The Court finds well-taken Plaintiff's analogy that withholding the tape is akin to the withholding of a witness (doc. 6). Plaintiff, citing *U.S. v. Frost*, 914 F.2d 756, 765 (6th Cir.1990), notes that an adverse inference can be drawn from the failure of a party to call a witness if the witness is "peculiarly within [the opposing party's] power to produce," and the witness' testimony would elucidate the transaction (doc. 6). In this case, Plaintiff has requested a copy of the tape at least six times, and Defendant has failed to produce it (*Id.*). This tape is indeed at

the heart of the case, because it captures the conversation that Defendant said was the basis for its discharge of Plaintiff. Defendant should take notice that inferences against it on this point could very well be fatal to its case, and that production of the tape would remedy the problem.

## CONCLUSION

The Court finds Defendant's Motion for Summary Judgment, which is premised upon the theory that arbitration is the appropriate means to handle this dispute, fails because the arbitration agreement is illusory. The agreement has conflicting provisions that give Defendant various means to enforce its rights, while forcing Plaintiff to the exclusive remedy of arbitration. As such, it is unenforceable, and Plaintiff is within his rights to bring his claims before this Court. As an ancillary matter, the Court finds that the arbitral forum selection clause within the illusory arbitration agreement is unduly burdensome as to Plaintiff. Finally, the Court finds that Veritas' refusal to produce the relevant audio tape shall be construed against it.

Accordingly, the Court hereby DENIES Defendant Veritas Software Corporation's Motion for Summary Judgment and Alternative Motion to Compel Arbitration (doc. 4).

SO ORDERED.