Jennifer FLANIGAN, Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, et al., Defendants.

No. C–1–02–405.

United States District Court, S.D. Ohio, Western Division.

Aug. 5, 2003.

Douglas R. Dennis, Forst Brown Todd, LLC, Cincinnati, OH, for defendant.

James C. Frooman, Lindhorst & Dreidame, Cincinnati, OH, for plaintiff.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendants' Joint Motion for Summary Judgment (doc. 6), Plaintiff's Memorandum in Opposition (doc. 7); and Defendants' Reply (doc. 10). The Court held a hearing on this matter on Thursday, July 17, 2003.

### I. BACKGROUND

Plaintiff's Complaint was filed in the Hamilton County Court of Common Pleas on May 7, 2002, and removed to this Court on June 5, 2002 (doc. 1). This case involves a claim under 29 U.S.C. §§ 1001 *et seq.*, the Employee Retirement Income Security Act, (hereinafter, "ERISA") (*Id.*). Plaintiff filed a claim for benefits under a disability insurance policy (hereinafter, the "Policy") issued by Defendant Liberty Life Assurance Company of Boston (hereinafter, "Liberty Life") through Plaintiff's employer Defendant Hasbro, Inc. (hereinafter, "Hasbro") (*Id.*). Liberty Life re-

viewed and denied Plaintiff's claim, taking the position that Plaintiff is not disabled under the terms of the policy (*Id.*). In the Joint Motion for Summary Judgment, Liberty Life argues its denial of benefits was justified and further posits that in reviewing such decision the Court should apply the highly deferential arbitrary and capricious standard of review (doc. 6).

Plaintiff responds that she is disabled and that her disability is the result of many afflictions affecting her overall health (doc. 7). Plaintiff argues that Defendants isolate "each condition concluding that no one condition makes Ms. Flanigan disabled" (Id.). Plaintiff alleges she suffers from all the following: breast cancer, fibromylagia, osteoarthritis, osteoporosis, chronic hand, back, hip, chest, neck and shoulder pain, bilateral carpal tunnel syndrome, chondomalacia, asthma, emphysema, cataracts, severe depression including acute suicidal depression anxiety and suicidal thoughts (Id.). Plaintiff alleges that in order to treat all of her conditions she has to take the following medications: narcotic medications including MS Contin, Percocet, Morphine, Soma, Depakote, and Neurontin; anti-depressants Trazedone, Celexa, Zoloft; and Klonopin and anti-anxiety medication (Id.). Plaintiff contends that all of these conditions compounded are "completely disabling," and prevent her from caring for herself (Id.). Plaintiff states that she lives with her children (Id.). Plaintiff further asserts she cannot complete everyday tasks such as driving or any household chores and she has trouble sleeping for more than one to three hours per night (*Id.*). Plaintiff asserts that a number of physicians who have treated her or with whom she has consulted have stated that she was not able to work (*Id.*). Finally, Plaintiff questions whether there is a conflict of interest when the plan administrator and the insurance company are the same entity (*Id.*).

Liberty Life argues that it "denied Ms. Flanigan's benefits because she failed to provide the requisite clinical evidence demonstrating a disability" (doc. 10). Defendants claim that Plaintiff has not shown that she cannot work (Id.). Defendants posit that it is inaccurate for Plaintiff to allege that she has cancer, as she was treated for that condition and there is not evidence that she still has cancer (*Id.*). Defendants argue that Plaintiff's primary treating physician, Dr. Pretorius, opined some five months after Plaintiff left her job, that Plaintiff could work eight hours, five days a week (*Id.*). Finally, Defendants argue that there is no evidence in the record that pain in her hand or any psychological issues prevent her from working (*Id.*). In sum, Defendants argue that the disabilities claimed by Plaintiff did not preclude her from completing a sedentary job (*Id.*).

## II. SUMMARY JUDGMENT STANDARD

The narrow question that we must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon, motion, against a party who fails to make a showing sufficient to establish th existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. 2548; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Guarino,* 980 F.2d at 405.

As the Supreme Court stated in *Celotex,* the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Guarino,* 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the on-moving party relies.' " *Guarino,* 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Furthermore, the fact that the non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. *Guarino,* 980 F.2d at 410; *Carver v. Bunch,* 946 F.2d 451, 454–55 (6th Cir.1991).

## III.  DISCUSSION

The two principle questions for the Court are first, what standard of review applies to this case, and second, whether under the applicable standard of review there is a genuine issue of material fact that Plaintiff qualifies as disabled under the policy.

### A.  Standard of Review

The parties contest whether the Court should grant *de novo* review of Liberty Life's decision to deny Plaintiff disability benefits, or whether the Court should apply the more deferential arbitrary and capricious standard. In *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court held that an administrator's decision to deny benefits should be reviewed *de novo* "unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* If the terms of the plan confer such discretion, a plan administrator's decisions may not be reversed unless it is arbitrary and capricious. *Sparks v. Unum Life Ins. Co. of America,* Nos. 99–3279, 99–3280, 2000 WL 1033003, *2, 2000 U.S.App. LEXIS 18169 *6 (6th Cir. July 21, 2000). While determining whether a plan provides its administrator with discretionary authority does not depend on the use of any "magic word," the plan must contain "a clear grant of discretion." *Id. citing Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 555 (6th Cir.1998) (*en banc* ).

██ Plaintiff argues that under *Sparks,* 225 F.3d 659, 2000 WL 1033003, 2000 U.S.App. LEXIS 18169, the policy in this case is ambiguous for failure to designate the requisite proof to merit coverage as "satisfactory." It appears to the Court, however, that the policy at issue in *Sparks* lacked a clear grant of discretion to the

administrator, so that the defendant in that case was asking the Court to find discretionary authority based solely on the language pertaining to proof that implied discretionary review.[1] 225 F.3d 659, 2000 WL 1033003, 2000 U.S.App. LEXIS 18169. In this case, by contrast, the policy has an explicit provision, Section 4, that grants discretion to Liberty Life. Section 4 states, "Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder."

*Sparks* stands for the proposition that the Court should give deferential arbitrary and capricious review to an administrator when the policy clearly grants the administrator discretion. 225 F.3d 659. As the policy in this case grants discretionary authority to the administrator, the Court must give arbitrary and capricious review to the administrator's decision.

### B. Does Plaintiff Qualify as Disabled?

The task for the Court, therefore, is to determine whether there is any genuine issue of material fact whether Liberty Life's decision to deny Plaintiff benefits was arbitrary and capricious. The arbitrary and capricious standard "is the least demanding form of judicial review of administrative action...When it is possible to offer reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Killian v. Healthsource Provident Administrators, Inc.*, 152 F.3d 514, 520 (6th Cir. 1998) *citing Perry v. United Food & Commercial Workers Dist. Unions 405 & 442*, 64 F.3d 238, 241 (6th Cir.1995). The standard requires that the decision "be upheld

if it is the result of a deliberate principled reasoning process, and if it is supported by substantial evidence." *Id. citing Baker v. United Mine Workers of America Health and Retirement Funds*, 929 F.2d 1140, 1144 (6th Cir.1991). The Court is confined to the record that was before the claims fiduciary. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615. Finally, the Court notes "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'factor in determining whether there is an abuse of discretion.'" *Firestone Tire & Rubber v. Bruch*, 489 U.S. 101, 109, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

At the July 17, 2003 hearing, Defendants reiterated their argument as expressed in their Motion that Plaintiff has not been able to show that she is incapable of work on a continuing basis, a showing necessary to meet the definition of disability under the Policy. Defendants argue that Plaintiff's job requirements included mostly sitting and typing, no heavy lifting, and that Plaintiff's position allows for breaks. Defendants cite the January 22, 2001 opinion of Plaintiff's primary treating physician, Dr. Pretorius, who stated that she was able to perform the duties of her job and work an eight-hour day. Defendants argue that based on such opinion, their decision to deny benefits to Plaintiff was the result of a deliberate principled reasoning process and is supported by substantial evidence.

The Court does not find Defendants' position well-taken. Defendant Liberty Life both funds and administers the

---

1. The Court in *Sparks* reviewed the language in the policy pertaining to the requisite proof to merit coverage, and found that if the requisite proof was dubbed "satisfactory," such description implied administrative discretion. "A determination that evidence is satisfactory is a subjective judgment that requires a plan administrator to exercise his discretion." *Sparks*, Nos. 99–3279, 99–3280, 225 F.3d 659, 2000 WL 1033003, *3, 2000 U.S.App. LEXIS 18169 *8 (6th Cir. July 21, 2000).

Policy. Accordingly Liberty Life incurs a direct expense as a result of the allowance of benefits, and it benefits directly from the denial or discontinuation of benefits. *See Killian*, 152 F.3d 514, 521. Defendant Liberty Life therefore clearly has a conflict of interest, and such conflict must be weighed as a factor in determining whether there has been an abuse of discretion. *Firestone*, 489 U.S. 101, 109, 109 S.Ct. 948 (1989).

The Court finds in this case that Liberty Life's conflict of interest could very well have improperly influenced its decision to deny Plaintiff benefits. Though Defendants cite Dr. Pretorius' January 22, 2001 opinion in support of their position, they conveniently ignore his subsequent July 18, 2001 opinion that Plaintiff was "chronically disabled owning to her multiple medical problems." Moreover, on May 17, 2001, Dr. Dianne Runk, who had performed Plaintiff's mastectomy in August 2000, stated "I think due to her multiple medical problems including her neuropathies following surgery, this patient is unable to maintain her full time job." The Court further notes that the record shows that Plaintiff has to take at least eleven medications, including MS Contin, Percocet, Morphine, Soma, Depakote, and Neurontin; anti-depressants Trazedone, Celexa, Zoloft; Klonopin and anti-anxiety medication. The fact that Plaintiff is on many strong medications is objective evidence that she is indeed chronically disabled. Finally, two of Plaintiff's doctors indicated that she was depressed, and Dr. Stephen Beck indicated on July 19, 2001 that Plaintiff was being medicated and treated for suicidal depression. Taken together, these observations show a genuine issue of material fact as to whether Liberty Life's decision to deny Plaintiff benefits was based on principled reasoning or rather was the result of its conflict of interest. The Court therefore finds it inappropriate to dismiss Plaintiff's claim for benefits, as a reasonable fact-finder could find that Liberty Life's denial was arbitrary and capricious.

## IV. CONCLUSION

Having reviewed this matter, and having heard the parties at the July 17, 2003 hearing, the Court finds a genuine issue of material fact as to whether Liberty Life's decision to deny Plaintiff benefits was arbitrary and capricious. Accordingly, the Court DENIES Defendants' Joint Motion for Summary Judgment (doc. 6).

SO ORDERED.