106 F.3d 401
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clayton LAUTNER, Plaintiff-Appellant,
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellee.
 No. 95-3756.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1997.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 BATCHELDER, Circuit Judge.
 
 
 1
 The plaintiff filed this action under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621 et seq. The United States District Court for the Southern District of Ohio dismissed part of the claim and granted the defendant's summary-judgment motion on the rest. The plaintiff appeals only the grant of summary judgment.
 
 
 2
 Also before us is the plaintiff's "motion for judicial notice," which asks that we add to the record his pension plan and summary documents, and an arbitration decision dated April 1992.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 3
 In his complaint, plaintiff Clayton Lautner alleges that defendant American Telephone & Telegraph Company (AT & T) dismissed him in 1991, at the age of 48, after more than 25 years of service. The complaint further alleges that AT & T also terminated some 60 other employees, but did not terminate approximately 40 younger technicians. The plaintiff's union, the Communications Workers of America ("Union"), filed a grievance on behalf of Lautner and the other terminated employees. The grievance was sustained in arbitration and the arbitrator ordered that all of the discharged employees be recalled. AT & T then negotiated an agreement with the Union, resolving all of the issues covered by the arbitration award. Pursuant to the agreement, AT & T offered several different options to those employees affected by the arbitration award.
 
 
 4
 Lautner alleges AT & T offered him an option package based on his pension status with the company, and thus used his pension status as a proxy for age, with the result that, because of his age, he was offered a package of options containing less money than younger workers were offered. He claims AT & T acted willfully and wantonly, and with malice and ill will. He seeks equitable relief, damages, an injunction, liquidated damages, punitive damages, attorneys' fees, costs, and other just relief.
 
 
 5
 The district court granted summary judgment on the claim for age discrimination in the options offered Lautner pursuant to the agreement between AT & T and the Union.[1] Although the district court embarked on its opinion by discussing a form of the familiar McDonnell Douglas test,[2] the court did not decide whether Lautner had made out a prima facie case of age discrimination under that test. Rather, the district court found that AT & T had articulated a legitimate non-discriminatory reason for the options package offered to Lautner, namely, that it had acted in accordance with the agreement with the Union, and that Lautner offered only conclusory allegations of intentional discrimination, but no evidence that AT & T had used the terms of the agreement as a pretext for age discrimination. Noting that any disparity in benefits between the plaintiff and others resulted from the plaintiff's not returning to work, and quoting Lyon v. Ohio Educ. Ass'n, 53 F.3d 135, 138-39 (6th Cir.1995), the court granted summary judgment for the defendant. While the existence of the pension was a factor in determining a person's benefits under the arbitration agreement, there was no evidence of age discrimination.
 
 II. DISCUSSION
 
 6
 A. MOTION TO SUPPLEMENT THE RECORD ON APPEAL
 
 
 7
 We first consider the motion to supplement the record. "The record on appeal consists of the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court." FED.R.APP.P. 10(a). In effect, the plaintiff seeks to supplement the record upon which the district court granted summary judgment. We DENY the motion. See, e.g., Aquino v. Stone, 957 F.2d 139, 144 n. 2 (4th Cir.1992) ("Because we review appeals from summary judgment only upon the record available to the district court, see Fed.R.App.P. 10(a), we deny his request to supplement the record and refuse to consider the offered additional materials.").
 
 B. AGE DISCRIMINATION
 
 8
 Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A district court's grant of summary judgment is reviewed de novo. Pinney Dock & Transp. Corp. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.1988).
 
 
 9
 The Supreme Court has now made clear that, assuming the McDonnell Douglas framework is the appropriate one to use for ADEA claims, a plaintiff claiming age discrimination cannot make out a prima facie case without presenting "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." O'Connor, --- U.S. at ----, 116 S.Ct. at 1310 (emphasis and brackets deleted) (quoting Teamsters v. United States, 431 U.S. 324, 358 (1977)). This circuit has held that the McDonnell Douglas framework is not useful in a true case of work force reduction, and that in such a case, "[t]he guiding principle [in determining whether plaintiff has established a prima facie case] is that the evidence must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age." Barnes v. GenCorp Inc., 896 F.2d 1457, 1466 (6th Cir.1990). In Barnes, we went on to determine whether "these plaintiffs have set forth sufficient direct, circumstantial, and/or statistical evidence to establish a prima facie case." Id. We reached a similar conclusion with regard to plant closing cases that do not involve transfer or recall rights of the employees. Allen v. Diebold, 33 F.3d 674, 678 (6th Cir.1994). In Allen, we noted that in order to make out a prima facie case of age discrimination, the plaintiff must "present evidence of actions taken by the employer which, if unexplained, are more likely than not based on consideration of impermissible factors." Id., (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981)). This circuit has also held that, in order to make out a prima facie case of age discrimination in a non-McDonnell Douglas context, "the plaintiff must show that the employer acted with the intention of discriminating on the basis of age." Abbott v. Federal Forge, Inc., 912 F.2d 867, 871 (6th Cir.1990).
 
 
 10
 The district court concluded that Lautner had failed to demonstrate that AT & T used the terms of the arbitration agreement as a pretext for age discrimination, and had thus failed to rebut the employer's articulated legitimate non-discriminatory reason for terminating his employment. We hold that it is not necessary to reach the issue of pretext because Lautner has failed to make out a prima facie case of age discrimination.
 
 
 11
 Lautner does not dispute that his initial discharge (the action which gave rise to the arbitration, which in turn resulted in the agreement between AT & T and the Union pursuant to which he was offered the options to which he now takes exception), was part of a work force reduction. Further, he does not appeal the district court's dismissal of his claim that he was discharged on the basis of age. The essence of Lautner's claim is that the negotiated agreement between AT & T and the Union, which resolved the issues that were the subject of the arbitrator's award sustaining Lautner's grievance, used pension eligibility as a proxy for age. The result, Lautner claims is that he was offered options less favorable than those offered to younger employees. Therefore, he concludes, AT & T has discriminated against him on the basis of his age.
 
 
 12
 Lautner has provided no evidence, either as to AT & T's entering into the agreement itself or AT & T's offering an options package to Lautner pursuant to that agreement, "adequate to create an inference that an employment decision was based on an illegal discriminatory criterion" as required by O'Connor, --- U.S. at ----, 116 S.Ct. at 1310 (emphasis and brackets deleted) (quoting Teamsters, 431 U.S. at 358. He has presented no evidence "sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age," Barnes, 896 F.2d at 1464, or that "the employer acted with the intention of discriminating on the basis of age." Abbott, 912 F.2d at 871.
 
 
 13
 Lautner contends there is both direct and indirect evidence of age discrimination. For the former he relies not on binding case law, nor even on nonbinding case law, but on legislative history of a 1990 act which amended the ADEA. Because the arbitration plan facially distinguishes workers with a pension from those without a pension, he says there is direct evidence of age discrimination.
 
 
 14
 "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 40 (5th Cir.1996) (quoting Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 958 (5th Cir.1993)); cf. Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1081 (6th Cir.1994) (finding no direct evidence of age discrimination). To reach Lautner's conclusion that the plan's distinguishing between workers with and without pensions discriminates on the basis of age, we must draw an inference that pension status is a proxy for age. Therefore, this distinction based on pensions is not direct evidence of age discrimination.
 
 
 15
 For his indirect evidence of age discrimination, Lautner asserts that an employer's use of a proxy for age, such as pension status, to affect older workers adversely may yield an inference of age discrimination. For this, he cites Hazen Paper Co. v. Biggins, 507 U.S. 604, ----, 113 S.Ct. 1701, 1709 (1993).[3] However, it is undisputed that Lautner's grievance was sustained by an arbitrator; that as a result of the arbitrator's award AT & T and the Union negotiated an agreement implementing that award and resolving the issues that were the subject of that award; that the agreement categorized affected employees on the basis of numerous factors, including pension status; that each category of employees was given a number of options from which to choose; and that Lautner was categorized and provided options according to the provisions of that agreement. The undisputed facts demonstrate that in offering Lautner an options package, AT & T acted in accordance with the agreement it had negotiated with the Union, by whose terms AT & T was bound.
 
 
 16
 Lautner has attempted to bootstrap a prima facie showing of age discrimination by first assuming what the evidence does not demonstrate, namely that AT & T used pension status as a proxy for age, and then, based on that assumption, inferring AT & T's intention to discriminate on the basis of age. He has wholly failed to make out a prima facie case of age discrimination.
 
 III. CONCLUSION
 
 17
 Because Lautner has failed to make even a prima facie showing of age discrimination, we AFFIRM the granting of summary judgment to the defendant.
 
 
 
 [1]
 The district court dismissed the part of the complaint alleging age discrimination in the termination, because the plaintiff did not file it within the statutorily prescribed time. See 29 U.S.C. § 626(d). The plaintiff does not appeal the dismissal. The district court also denied AT & T's motion to dismiss for failure to arbitrate, and denied AT & T's motion to dismiss under FED.R.CIV.P. 19 for failure to join the Union as a necessary party. AT & T does not appeal these denials
 
 
 [2]
 McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Although the Supreme Court has not decided whether this Title VII rule applies to ADEA claims, all circuits have applied variants of the framework to such claims. O'Connor v. Consolidated Coin Caterers Corp., --- U.S. ----, ---- & n. 2, 116 S.Ct. 1307, 1309-10 & n. 2 (1996) (citations omitted). This circuit has held that we apply, "with appropriate modification," the McDonnell Douglas test as stated in St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993), to ADEA claims. See, e.g., Hartsel v. Keys, 87 F.3d 795, 800 (6th Cir.1996), cert. denied, 65 U.S.L.W. 3267 (Jan. 6, 1997) (No. 96-486)
 
 
 [3]
 He may have meant to cite 507 U.S. at ----, 113 S.Ct. at 1707, where the Court, in dictum, stated that pension status may be a proxy for age when an employer supposes a correlation between age and pension status and acts accordingly. But the plaintiff has supplied no evidence from which a reasonable jury could reach that conclusion. More importantly, the plaintiff entirely ignores the pertinent language in Hazen Paper: "When the employer's decision is wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears. This is true even if the motivating factor is correlated with age, as pension status typically is." 507 U.S. at ----, 113 S.Ct. at 1706