**Rosann ABRAMS, Plaintiff,**

v.

**MILLIKIN & FITTON LAW FIRM, Defendant.**

No. C–1–02–081.

United States District Court, S.D. Ohio, Western Division.

May 21, 2003.

Randolph Harry Freking, Rebecca N. Algenio, Freking & Betz, Mark Wayne Napier, Freking & Betz, Cincinnati, OH, for plaintiff.

Michael Edward Maundrell, Schroeder, Mundrell, Barbiere & Powers, Cincinnati, OH, for defendant.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on the Motion for Summary Judgment of Defen-

dant Millikin & Fitton Law Firm (doc. 22), Plaintiff's Memorandum in Opposition (doc. 25), and Defendant's Reply (doc. 29).

## BACKGROUND

The following facts have been derived from the allegations in Plaintiff's Second Amended Complaint (doc. 14). This is a case concerning Plaintiff's discharge from her employment with Defendant Millikin & Fitton Law Firm (hereinafter "Millikin") (*Id.*). Plaintiff's Second Amended Complaint alleges that Millikin terminated her employment in September of 2001 because of her age, after she had served Defendant for nearly thirty-nine years as a Legal Assistant and Human Resources Manager (*Id.*). Plaintiff alleges that she was fully qualified for each of her positions and was an "ambassador" of Defendant. It is undisputed that Plaintiff received the highest rating of "excellent" on each of her annual performance evaluations from 1962–2000, and an above-average rating on her performance evaluation in 2001 (*Id.*).

Plaintiff states that she was on long-term disability from December 7, 1997 to January 11, 1999, after which time her doctor authorized her to return to work with restrictions (*Id.*). Plaintiff alleges that in January 1999, Defendant expressed consternation and concern over such restrictions (*Id.*). Later, on December 28, 2000 and January 2, 2001, Plaintiff states that she advised Defendant that she would like to work four days a week in order to care for her dying mother (*Id.*). In response, Defendant stated that it expected her to work five days a week (*Id.*). On February 2, 2001, Plaintiff notified Defendant of her need to take family/medical leave due to her mother's condition (*Id.*). Plaintiff's leave lasted from February 2, 2001 to February 16, 2001 (*Id.*). Subsequently, on May 15, 2001, Plaintiff notified Defendant of her need to take medical leave due to a serious medical condition (*Id.*). Plaintiff's leave lasted from May 15, 2001 to June 11, 2001 (*Id.*).

According to Plaintiff, on August 14, 2001, Defendant informed her that her position was no longer necessary to the operation of the firm (*Id.*). Plaintiff alleges that this stated reason is false and a pretext to cover up wrongful conduct, that she has been replaced by a substantially younger employee and that she was treated differently than similarly-situated younger employees. Plaintiff further alleges that Defendant has engaged in a pattern and practice of discriminatory conduct (*Id.*). Finally, Plaintiff alleges that Defendant, by and through its directors, has made false and malicious statements about her, resulting in her termination and/or injury to her reputation, embarrassment, humiliation, and emotional distress (*Id.*). Plaintiff has asserted a claim under the Age Discrimination in Employment Act (hereinafter, "ADEA"), 29 U.S.C. §§ 621 *et seq.*, an age discrimination claim pursuant to Ohio Rev.Code Ann. § 4112.99 and pursuant to Ohio public policy, a claim under the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. § 2611(11), and a claim for defamation (*Id.*).

Millikin filed its Motion for Summary Judgment on January 31, 2003, arguing that there are no genuine issues of material fact as to Plaintiff's claims and Defendant is entitled to judgment as a matter of law (doc. 22). Millikin argues that Plaintiff's age discrimination complaint fails because she cannot establish the *prima facie* case (*Id.*). Millikin argues that Plaintiff cannot establish that she was subjected to an adverse employment action because she was offered a lateral move that she refused to take, after her position as Human Resources Manager was eliminated (*Id.*). Defendant further argues that although Plaintiff was not terminated for her qualifications, her performance did not meet

their expectations for the position of Human Resources Manager (*Id.*). Millikin posits that Plaintiff cannot establish that she was replaced by a substantially younger employee because the duties of Human Resources Manager were divided among other employees when the position was eliminated for legitimate reasons (*Id.*). For the same reasons, Defendant argues that the Ohio statutory and public policy claims fail (*Id.*). Millikin argues that Plaintiff's FMLA claim fails because Plaintiff cannot establish a causal connection between her FMLA leave in February 2001 and its decision in August 2001 to eliminate the position of Human Resources Manager (*Id.*). Millikin argues that it has provided a legitimate, nondiscriminatory reason for its business decision to eliminate the position of Human Resources Manager (*Id.*). Millikin also argues, consonant with its argument above, that Plaintiff has not suffered an adverse employment action (*Id.*). As for Plaintiff's defamation claim, Millikin argues that Plaintiff cannot establish any false or defamatory statement, and therefore fails to establish her *prima facie* case (*Id.*). Millikin further argues that Plaintiff's claim based on an alleged defamatory statement uttered in 1998 is barred by the applicable statute of limitations (*Id.*). Finally, Millikin argues that Plaintiff is entitled to neither punitive nor liquidated damages (*Id.*).

## ANALYSIS

### I. Summary Judgment Standard

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. 2548; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see *Guarino,* 980 F.2d at 405.

As the Supreme Court stated in *Celotex,* the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Guarino,* 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino,* 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allega-

tions, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990). Furthermore, the fact that the non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. *Guarino*, 980 F.2d at 410; *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991).

## II. Discussion

### A. Plaintiff's ADEA Claim

In order to establish a claim of age discrimination, Plaintiff may either introduce direct evidence of discrimination or prove circumstantial evidence that would support an inference of discrimination. *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997), *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir.1994); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668, (1973); *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66 (6th Cir.1982). Plaintiff argues that she has adequately raised a genuine issue of material fact regarding age discrimination under both direct and indirect evidence theories (*Id.*).

### I. Direct Evidence Theory

■ Direct evidence of discrimination occurs when either the decision-maker or an employee who influenced the decision-maker made discriminatory comments related to the employment action in question. *See Reeves v. Sanderson Plumbing*, 530 U.S. 133, 152, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), *Ross v. Campbell Soup Co.*, 237 F.3d 701, 707–08 (6th Cir.2001). Direct evidence "is evidence which if believed, would prove the existence of a fact ... without any inferences or presumptions." *Lautner v. American Tel. and Tel. Co.*, 1997 WL 26467, 1997 U.S.App. LEXIS 1267, No. 95–

3756, (6th Cir. Jan. 22, 1997). For example, racial slurs or comments constitute direct evidence that a termination may have been racially motivated. *See Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1249 (6th Cir.1995). Direct evidence can exist in cases where an adverse employment decision was the product of a mixture of legitimate and illegitimate motives. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), *superceded by statute on other grounds as stated in Norbuta v. Loctite Corp.*, 1 Fed.Appx. 305 (6th Cir.2001). If a plaintiff produces credible direct evidence of discrimination, discriminatory animus may be at least part of an employer's motive, and in the absence of an alternative, non-discriminatory explanation for that evidence, there exists a genuine issue of material fact suitable for submission to the jury without further analysis by the court. *Blalock v. Metals Trades, Inc.*, 775 F.2d 703, 707–712 (6th Cir.1985).

Plaintiff's direct evidence theory is premised upon allegations that Millikin's president, John Clemmons, stereotyped her and did so inaccurately (doc. 25). Plaintiff argues that Clemmons exhibited age-related bias in believing that she could not learn new things and in calling her a "pretty fragile person" (*Id.*). Plaintiff further argues that Stan Rullman, another Millikin employee and director, stereotyped her as less creative and energetic than when she was a younger person, when she was upbeat and buoyant (*Id.*). Finally, Plaintiff points out that her last performance review demonstrated inaccurate stereotypes in characterizing that she had a "reluctance ... to engage in activities involving technology," that what "worked in the past no longer seems adequate," and expressing hope that she would "adapt to the new environment" (*Id.*).

Defendant argues that Plaintiff mischaracterizes the comments of Clemmons and

Rullman. Defendant argues that Clemmons and Rullman were not asserting a bias that older employees cannot adapt to technology, but merely that Plaintiff refused to do so (doc. 29). Defendant argues that Clemmons' remark that Plaintiff was "pretty fragile" pertained to her inability to take criticism rather than to her age (*Id.*). Defendant argues neither the testimony of Clemmons nor the testimony of Rullman can be construed as reflecting a bias against older employees, therefore such statements do not require the conclusion that age was a motivating factor in the elimination of the position of Human Resources Manager (*Id.*).

The Court must draw all reasonable inferences in favor of the Plaintiff. The Court can reasonably infer that the statements by Rullman that Plaintiff was upbeat and buoyant as a younger person could be evidence of age-related animus. The Court can also draw inferences in favor of Plaintiff from the evaluation comments that she was reluctant to engage in activities involving new technology. In the light of Plaintiff's emphatic statement to the contrary, there appears to be a genuine issue of material fact as to whether such statements by Millikin's directors reveal discriminatory motivation. Plaintiff's articulated position is that Defendants were wrong to think that she would not learn new ways of doing her work. The Court finds that taken together, the statements by the directors of Millikin demonstrate that there is a question of fact as to whether the change in Plaintiff's employment status was motivated by age-related animus. Though Plaintiff's direct evidence theory is thin, it survives Defendant Millikin's Motion for Summary Judgment.

## II. Plaintiff's Indirect Evidence Theory

When a plaintiff cannot demonstrate discrimination through direct evidence, the *McDonnell Douglas* paradigm of circumstantial evidence applies. *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order to prevail on a circumstantial evidence theory, Plaintiff must establish a *prima facie* case of age discrimination by proving that (1) she was over forty, (2) she was qualified, (3) she suffered an adverse employment action, and (4) she was replaced by a substantially younger employee or additional evidence shows that the employer was motivated by Plaintiff's age in making its decision. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996), *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 402 (6th Cir. 1999).

As an alternative to her direct evidence theory, Plaintiff also argues that she has raised a genuine issue of material fact with regard to the existence of a *prima facie* case under a *McDonnell Douglas* analysis (doc. 25). The Court finds Plaintiff's position well-taken, as explained below.

The parties do not dispute that Plaintiff was over forty. However, the parties dispute whether as a matter of law Plaintiff was qualified for her position, whether she suffered an adverse employment action, and whether she was replaced by a substantially younger employee.

### a. Plaintiff's Qualification For Her Position

The focus at this stage of the analysis should be on Plaintiff's objective qualifications, such as her experience in the particular type of work and demonstrated possession of the required general skills. *See Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 575–76 (6th Cir.2003).

As the *prima facie* case is not intended to be burdensome, searching analysis at this stage on whether a plaintiff is "qualified" is improper. *McCrory v. Kraft Food Ingredients,* No. 94–6505, 1996 WL 571146 *4, 1996 U.S.App. LEXIS 26305 *14 (6th Cir. October 3, 1996).

Plaintiff cites to her performance evaluations, which she states prior to 2001 were always outstanding, as evidence that she was qualified for her position (doc. 25). Plaintiff also cites to a 1999 newspaper article in which the managing director of Millikin referred to her as an "ambassador" of the firm (*Id.*). Plaintiff argues under *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365 (6th Cir.1999) that when an employee works over a number of years and is given significant responsibility, one can infer that the employee's performance had been satisfactory (*Id.*).

Millikin argues that Plaintiff's citation to her performance evaluations selectively excluded expressed concerns that she was not meeting expectations (doc. 29). Millikin further cites *Irwin v. Marquette Medical Systems, Inc.,* 107 F.Supp.2d 974, 984 (S.D.Ohio 2000) for the proposition that references to employee evaluations are of limited utility (doc. 29).

The Court finds Plaintiff's arguments that she was objectively qualified persuasive. The *prima facie* case is not intended to be burdensome. *McCrory,* 98 F.3d 1342, 1996 WL 571146 *4, 1996 U.S.App. LEXIS 26305 *14. Plaintiff worked for Defendant for nearly thirty-nine years and gained significant responsibility. Under *Godfredson,* one can infer that her performance had been satisfactory. 173 F.3d 365. Moreover, the undisputed facts show that Plaintiff received a string of positive performance evaluations. Defendant's citation to *Irwin* in order to cast such evaluations into doubt is not persuasive (doc. 29). *Irwin* cited *Fortier v. Ameritech,* 161 F.3d 1106 (7th Cir.1998), in which the Seventh Circuit questioned the utility of evaluations in cases where there were intervening changes in either the supervisors or the nature of the work. 107 F.Supp.2d 974, 984. In this case, Plaintiff's work remained constant and her evaluations were not just one person's opinion, but were approved by all the firms partners (doc. 25). As such, her evaluations carry more weight than in a situation like that encountered by the Seventh Circuit and cited to in *Irwin.* Drawing all reasonable inferences in favor of Plaintiff, the facts show that Plaintiff was objectively qualified for her position.

### b. Plaintiff Suffered an Adverse Action

Millikin claims that Plaintiff did not suffer an adverse action. Rather, Millikin argues, Plaintiff's position was eliminated for legitimate business reasons, and she was offered lateral moves to other positions (doc. 22). Plaintiff contests that the other offered positions constituted lateral moves and characterizes them rather as demotions (doc. 25). Plaintiff further argues that Defendant described her departure as "termination" in correspondence, within COBRA information, and in a form for request for 401(k) Plan (*Id.*). Plaintiff applied for unemployment compensation, a benefit unavailable for someone who quits their job, without opposition from Millikin (*Id.*). Plaintiff also signals that the Eleventh Circuit has recognized that whether an employee was fired or received a bonafide offer of alternative employment is a jury question (*Id.*) (*citing Thomas v. Dillard Dept. Stores, Inc.,* 116 F.3d 1432 (11th Cir.1997)).

The Court finds Plaintiff's arguments on this point persuasive. Millikin does not dispute that it described Plaintiff's departure as a "termination" in the various con-

875

texts cited by Plaintiff. At the very least, under *Thomas,* there is a genuine issue as to the material fact of whether Plaintiff was fired. The Court, drawing all inferences in favor of Plaintiff for purposes of this motion, must conclude that she suffered an adverse action.

### c. Plaintiff's Replacement

■ Millikin claims that Plaintiff's position of Human Resources Manager was eliminated and that her tasks were divided up among other employees (doc. 22). As such, Millikin argues that Plaintiff was not replaced, but an unnecessary position was merely eliminated (*Id.*). Defendant argues therefore that no younger person replaced Plaintiff (*Id.*).

Plaintiff argues that she was replaced by Deanna Woedl, age 38, who assumed more than a dozen responsibilities that used to be Plaintiff's as Human Resources Manager (doc. 25). Plaintiff argues that Ms. Woedl answers to the same people to whom Plaintiff formerly reported, and that Millikin employees now consider Woedl to be Human Resources Manager because she maintains the personnel files (*Id.*).

The *prima facie* requirement is not onerous. *Cline v. Catholic Diocese of Toledo,* 206 F.3d 651 (6th Cir.2000). The Court finds that Plaintiff has met the requirement of showing that she was replaced by someone younger, Deanna Woedl. At the very least, Plaintiff has raised a genuine issue of material fact as to the issue of whether her position was eliminated. Consequently, Plaintiff has pleaded a *prima facie* case for age discrimination.

### d. The Legitimacy of the Termination Decision

■ After Plaintiff presents a *prima facie* case, Defendant must present a legitimate non-discriminatory reason for termination. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). In response, Plaintiff must show that Defendant's articulated reason for the termination is a pretext for age discrimination. *Id.* at 507, 113 S.Ct. 2742. Plaintiff can prove pretext by showing that "(1) the proffered reasons had no basis in fact, (2) the proffered reasons did not actually motivate his discharge, or (3) they were insufficient to motivate discharge." *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1084 (6th Cir.1994). The Court must not invoke the business judgment rule to exclude consideration of evidence relevant to the question of pretext. *Wexler v. White's Fine Furniture, Inc.,* 317 F.3d 564, 577.

In this case, Millikin argues that Plaintiff was not completing enough duties in her position to justify maintaining a full-time employee as Human Resources Manager (doc. 22). Millikin argues that it had been looking to increase its efficiency, and an outside consultant had determined that maintaining the Human Resources Manager position was not cost-efficient (*Id.*).

Plaintiff argues that Millikin's proffered reason for her termination is a pretext because her position was not eliminated, but her position was assumed by Ms. Woedl (*Id.*). Plaintiff further argues, questioning Defendant's veracity, that Defendant's assertion that her termination came in the context of a "workforce reduction situation" is not true (*Id.*). Plaintiff states that Defendant had thirty-five employees on January 1, 2001, and thirty-eight employees on January 1, 2002 (*Id.*). Millikin replies that Plaintiff has the numbers wrong, that the number of full-time employees was actually reduced during the time period in question, and that such a census is not the correct standard to determine whether there has been a workforce reduction (doc. 29).

Millikin argues that the correct standard, under *Barnes v. GenCorp Inc.*, 896 F.2d 1457 (6th Cir.1990), is that a workforce reduction occurs when business considerations cause an employer to eliminate a position in its workforce (doc. 29).

The Court finds that under *Wexler* it cannot ignore inferences in favor of Plaintiff that can be drawn from the evidence about whether it was reasonable for Defendant to terminate Plaintiff by eliminating her position. It is arguable that such position was not really eliminated, and if that is the case, the proferred reason is insufficient to motivate discharge. There are factual disputes as to whether Ms. Woedl replaced Plaintiff as Human Resources Manager. A reasonable jury could therefore reject Defendant's explanation of the termination. As such, summary judgment is precluded for Millikin.

In summary, this ADEA case on its facts could go either way. The conflicting evidence and the inferences therefrom raise genuine issues of material fact and preclude the grant of summary judgment. Defendant's evidence is not "so one-sided" that it "must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**B. Plaintiff's Age Discrimination Claim under Ohio Rev.Code § 4112.99.**

The same evidentiary framework applies to discrimination claims brought under Title VII, the ADEA, 42 U.S.C. § 1981, and discrimination claims brought under Ohio state law. *Allen v. Ethicon, Inc.*, 919 F.Supp. 1093, 1098 (S.D.Ohio 1996).[1] Because the Court finds that Plaintiff's direct and indirect claims under the ADEA survive summary judgment, the Court likewise finds that her statutory claims under Ohio Rev.Code § 4112.99 survive summary judgment.

**C. Plaintiff's Ohio Public Policy Claim**

Under *Painter v. Graley*, 70 Ohio St.3d 377, 639 N.E.2d 51 (1994), an employer cannot terminate an employee for a reason that violates the articulated public policy of the state of Ohio. Plaintiff's position is that the public policy of Ohio opposes age discrimination, and that as she has stated a *prima facie* case for age discrimination, summary judgment should not be granted on this claim (doc. 14). Millikin's argument in opposition to the Ohio public policy claim is premised upon its view that Plaintiff's *prima facie* case fails (doc. 22). As the Court has rejected Millikin's view, the Court similarly finds no basis for a grant of summary judgment on Plaintiff's Ohio public policy claim.

**D. Plaintiff's FMLA Claim**

The Family and Medical Leave Act, 29 U.S.C. § 2612, provides eligible employees up to 12 weeks per year in which to recover from a serious health condition, or to care for a close family member with a serious health condition. When an employee takes FMLA leave, they are entitled, upon their return to work, to be restored to the same position or to an equivalent position. 29 U.S.C. § 2614. In addition, it is illegal for an

---

1. Ohio law, however, offers a slightly different definition of "direct evidence," declining to adopt the definition in federal court jurisprudence encompassing explicit discriminatory statements. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369–70 (6th Cir.1998) (*citing Mauzy v. Kelly Servs. Inc.*, 75 Ohio St.3d 578, 664 N.E.2d 1272, 1279 (Ohio 1996)). The Ohio Supreme Court has held that "direct evidence," refers to a method of proof, not a type of evidence. *Id.* It means that a plaintiff may establish a *prima facie* case of age discrimination directly by presenting evidence, of any nature, to show that the employer more likely than not was motivated by discriminatory intent. *Id.* This distinction is not dispositive in this case.

employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" for in the Act. 29 U.S.C. § 2615. Plaintiff alleges that Defendant included the FMLA time off in their justification for her dismissal, in violation of the FMLA (doc. 14). Plaintiff complains that Millikin's action against her was in retaliation for the FMLA leave that she took (*Id.*).

Plaintiff argues that she has raised at least a genuine issue of material fact with respect to a causal relationship between her protected FMLA time off and her termination, which occurred less than three months after her third FMLA leave (doc. 25). Plaintiff argues that the close proximity in time, under *Moon v. Transport Drivers, Inc.*, 836 F.2d 226 (6th Cir. 1987), creates an inference of a causal connection between the two events, warranting a denial of summary judgment (doc. 25). Plaintiff cites to deposition testimony of Stan Rullman, who described changes in Plaintiff to include that "her attendance went down substantially" and John Clemmons who stated that "perfect attendance" means that you don't use "sick leave" (*Id.*). Plaintiff apparently argues that these statements reflect attitudes that resulted in her legitimate FMLA leave being held against her.

Millikin's Motion argues that Plaintiff only took one FMLA leave, in February 2001, and that she cannot establish a connection between that leave and the elimination of her position six months later (doc. 22). Millikin's Reply expresses frustration over just what time periods Plaintiff has alleged fall within the protection of the FMLA, and argues that under *Thompson v. Ameritech*, 40 Fed.Appx. 90 (6th Cir.2002) "the temporal proximity argument is particularly unconvincing where a plaintiff's claim of retaliation is otherwise weak" (doc. 29).

The Court finds that taking the facts in a light most favorable to Plaintiff, she took a leave in May of 2001 that was in close proximity to her termination less than three months later. *Nguyen v. City of Cleveland*, 229 F.3d 559, 567 (6th Cir.2000) (cases that have permitted a *prima facie* case to be made based on the proximity of time have all been short periods of time, usually less than six months). "[A]t the *prima facie* stage, the burden is minimal, requiring the plaintiff to put forth some evidence to deduce a causal connection between the retaliatory action and the protected activity." *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir.1997). Plaintiff has raised enough facts for a reasonable jury to conclude that Defendant dismissed her for taking "too many" protected FMLA leaves. As such, Defendant's Motion for Summary Judgment as to this claim is denied.

### E. Plaintiff's Defamation Claim

Millikin properly states Ohio law concerning the *prima facie* defamation claim on behalf of a private figure (doc. 22). A defamation claim consists of five elements: "(1) a false and defamatory statement; (2) about plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) that was either defamatory per se...or caused special harm to the plaintiff" (*Id.*) (*citing Gosden v. Louis*, 116 Ohio App.3d 195, 206, 687 N.E.2d 481, 487 (1996)). The statute of limitations for a defamation claim is one year. Ohio Rev.Code Ann. § 2305.11.

Plaintiff points to two alleged defamatory statements. The first statement was allegedly made by a Millikin attorney to another attorney, in front of Millikin staff, sometime within early 1998 (doc. 25). The second alleged statement was made by directors that Plaintiff had falsified time records (*Id.*).

Defendant argues that the first claim is barred by the Ohio statute of limitations because Plaintiff failed to file a complaint for defamation within a year of its utterance (doc. 22). Defendant argues that the second claim is barred because Plaintiff's deposition testimony shows that it is not false that she falsified time records (doc. 29).

■ The Court finds well-taken Defendant's argument concerning Plaintiff's claim that she was defamed in 1998 to be barred by the statute of limitations. As such, any defamation claim relating to such statement is dismissed. However, the Court finds that there is a genuine issue as to material fact concerning the second statement. Plaintiff's deposition testimony indicates that her accounting practice was a common and understood way in which Defendant employees took time off in lieu of overtime pay, which was to be avoided in compliance with Millikin's budget policy. A reasonable juror could infer that if this is the case, a statement that Plaintiff "falsified records" would be defamatory in nature. Millikin's argument that truth of the statement is a defense, is therefore not well-taken under the facts of this case. Plaintiff's defamation claim survives summary judgment.

### F. Damages

Millikin included in its motion for summary judgment an argument on the question of punitive and liquidated damages (doc. 22). These questions pertaining to damages, however, are not dispositive. Such questions involve a determination to be made in a damages calculation if and when liability is determined. Therefore, Millikin's attention to these questions is premature, and the Court will not address them at this time.

### CONCLUSION

The Court finds that Defendant's Motion for Summary Judgment on Plaintiff's ADEA claim, which is premised on the theory that Defendant did not really terminate Plaintiff but rather eliminated her position, fails because Plaintiff has successfully raised a *prima facie* case of age discrimination and has raised numerous issues of material fact as to the legitimacy of Defendant's action. For the same reasons, the Court rejects Defendant's attack of Plaintiff's Ohio statutory and public policy claim. Similarly, the Court finds that Plaintiff has adequately alleged a claim for retaliation for taking protected leave under the Family Medical and Leave Act. Finally, the Court finds that a reasonable juror could find the statement that Plaintiff falsified records to be defamatory in nature.

Accordingly, the Court hereby DENIES the Motion for Summary Judgment of Defendant Millikin & Fitton Law Firm (doc. 22) in all respects with the exception of the portion of Plaintiff's defamation claim barred by the applicable statute of limitations.

SO ORDERED.