**Annette M. FRANKLIN–GAVIN, Plaintiff,**

v.

**AUTOZONE, INC., Defendant.**

**No. 03–2658 DV.**

United States District Court,
W.D. Tennessee,
Western Division.

March 28, 2005.

Annette M. Franklin–Gavin, Memphis, TN, pro se.

Javier M. Bailey, Walter Bailey & Associates, Memphis, TN, for Plaintiff.

Jennifer Shorb Hagerman, Lisa A. Krupicka, Burch Porter & Johnson, Memphis, TN, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DONALD, District Judge.

Before the Court is the motion of Defendant Autozone, Inc. ("Defendant") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The complaint alleges claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). For the following reasons, Defendant's motion for summary judgment is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND [1]

Plaintiff began her employment with Defendant in October, 1998. She worked first as an Assistant Property Manager in the real estate department and was later promoted to Associate Pricing Analyst in the merchandising department. In 2003, Defendant began to reorganize the merchandising department, which resulted in the creation of some positions and the elimination of others. Plaintiff's position was one that was eliminated by the reorganization. There were a number of Assistant Category Manager positions that were created by the reorganization and Plaintiff applied for promotion to that position. Plaintiff was denied the promotion but was offered the position of Data Merchandising Analyst. Plaintiff accepted that position, which offered the same pay rate as her job that was being eliminated, even though it was a demotion in terms of

---

**1.** For purposes of this motion, the Court accepts these facts to be true. They are taken from the complaint, Defendant's motion for summary judgment, and Plaintiff's response to Defendant's motion for summary judgment.

job classification. Plaintiff continues her employment in that position to date.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant on May 29, 2003. Plaintiff received a right-to-sue letter from the EEOC and filed a complaint with this Court on September 3, 2003. Defendant filed the instant motion for summary judgment on December 17, 2004.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2727, at 35 (2d ed.1998).

Facts must be presented to the court for evaluation. *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir.1999). The court may consider any material that would be admissible or usable at trial. 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2721, at 40 (2d ed.1998). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Thaddeus–X v. Blatter*, 175 F.3d 378, 400 (6th Cir.1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir.2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. *Kalamazoo River*, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348.

### III. ANALYSIS

Defendant asserts that summary judgment should be granted because Plaintiff 1) has not established a *prima facie* case of discrimination; 2) has not submitted evidence that Defendant's nondiscriminatory reason for failing to promote Plaintiff is pretext; and 3) failed to exhaust her administrative remedies as to her claim of sex discrimination.

 Plaintiff alleges that Defendant discriminated against her based on race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, under a theory of disparate treatment. To prevail on a claim of disparate treatment discrimination, a plaintiff must show discriminatory animus. *Huguley v. General Motors Corp.*, 52 F.3d 1364, 1370 (6th Cir.1995). Discriminatory animus may be established by direct evidence or may be inferred from a *prima facie* showing of discrimination. *Id.*

 "[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor" in the adverse employment decision at issue. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 247, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir.1999) (citations omitted). Evidence is direct when, if believed, it would prove the existence of a fact without any inferences or presumptions. *Lautner v. AT & T*, 1997 WL 26467, *2, 1997 U.S.App. Lexis 1267, at *8 (6th Cir.1997); *Norbuta v. Loctite Corp.*, 1 Fed.Appx. 305, 306 (6th Cir.2001) ("Whatever the strength of . . . evidence, it is not 'direct' evidence [when it] admits to more than one plausible interpretation, and requires a significant inference or presumption on the part of the trier of fact."). If the plaintiff provides credible direct evidence of discriminatory animus, the burden of persuasion shifts to the defendant to establish by a preponderance of the evidence "that it would have [taken the adverse action even] had it not been motivated by discrimination." *Jacklyn*, 176 F.3d at 926. Thus, the employer must do more than merely "articulate" its nondiscriminatory reason for its action. *Blalock v. Metals Trades, Inc.*, 775 F.2d 703, 710 (6th Cir.1985).

Here, the Plaintiff has proffered no direct evidence of discriminatory animus. Plaintiff has not alleged that anyone at any time heard any of Defendant's representatives make any discriminatory comments or any statements regarding actions taken for discriminatory reasons. Therefore, Plaintiff must establish a *prima facie* claim of discrimination.

When an employee seeks to establish a *prima facie* showing of discrimination, the evidentiary framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies. *See Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1159 (6th Cir. 1990). Under the *McDonnell Douglas* burden-shifting framework, the plaintiff must first prove a *prima facie* case of discrimination by a preponderance of the evidence. *Wilson v. Stroh Cos., Inc.*, 952 F.2d 942, 945 (6th Cir.1992). If the plaintiff succeeds, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089. Once the employer provides a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff may still prevail if evidence has been proffered that tends to disprove the reasons offered by the defendant. *Kline v. Tennessee Valley*

*Auth.*, 128 F.3d 337, 347 (6th Cir.1997). However, even if the plaintiff proves that the employer's proffered reason is pretext, he nonetheless bears the ultimate burden of proving that a discriminatory intent motivated the defendant's actions. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

■ A plaintiff may establish a *prima facie* case of discrimination by showing by a preponderance of the evidence that she 1) is a member of a protected group, 2) was subject to an adverse employment action, 3) was qualified for the position, and 4) was replaced by an individual outside of the protected class or was treated less favorably than a similarly-situated employee outside of the protected class. *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir.2002) (citations omitted).

Plaintiff alleges claims of race and sex discrimination. As an African–American woman, Plaintiff is a member of a protected class in each of her claims. Plaintiff was denied a promotion on March 25, 2003, clearly satisfying the requirement that she be subject to an adverse employment action. Because Defendant relies on Plaintiff's alleged lack of qualifications as its nondiscriminatory reason, the Court will follow the reasoning of *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 661 (6th Cir.2000), and eliminate the analysis of the third element of Plaintiff's *prima facie* case, thus affording the Plaintiff the opportunity to argue that her qualifications demonstrate that Defendant's proffered reason is pretext. Therefore, Plaintiff has satisfied the first three elements of a *prima facie* claim of discrimination.

The final step in the *prima facie* analysis requires the Court to determine whether or not Plaintiff was replaced by an individual outside of the protected class or was treated less favorably than a similarly-situated employee outside of the protected class. Plaintiff argues that Barbara Kohl ("Kohl"), a white woman who was a successful applicant for an Assistant Category Manager position like the one for which Plaintiff applied, was a similarly-situated employee. Kohl held the same position as Plaintiff prior to being promoted. Defendant argues that because Kohl's promotion did not prevent Plaintiff from being promoted, Kohl was not promoted *instead* of Plaintiff. However, Defendant misreads the requirement. Plaintiff merely must show that a similarly-situated employee received more favorable treatment than Plaintiff, not that the similarly-situated employee prevented Plaintiff from receiving a promotion.

■ Defendant also argues that because Plaintiff and Kohl were not interviewed by the same three interviewers in the promotional process, they were not similarly situated. Defendant cites *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992) and *Lowery v. Xerox Corp.*, 229 F.3d 1152 (6th Cir.2000), to support its theory. In *Lowery*, the plaintiff compared herself to an employee who was seeking a different job during a different time with different interviewers. *Id.* In *Mitchell*, which involved a termination instead of a promotion, the plaintiff compared herself to employees who engaged in entirely different behavior without being terminated. 964 F.2d at 583. The employees held different positions under different supervisors. *Id.* Here, Plaintiff and Kohl held the same position and sought the same position during the same promotional process. One team of eight directors and the Human Resources Manager were responsible for the promotional decisions. Defendant cannot shield itself from liability by dividing the interviews in such a way as to ensure that no two people could ever be similarly situated. Thus, Plaintiff has satisfied the fourth element of the *prima*

*facie* analysis as to her claim of race discrimination.

Plaintiff did not, however, offer any evidence of a similarly-situated male employee who was treated more favorably. The Court therefore finds that Plaintiff has not established a *prima facie* case as to her claim of sex discrimination. Accordingly, the Court grants Defendant's motion for summary judgment as to Plaintiff's claim of sex discrimination.

■ The Court finds that Plaintiff has met the burden of establishing a *prima facie* case as to her claim of race discrimination. If a plaintiff is able to establish a *prima facie* case, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the [adverse employment action]." *Johnson v. University of Cincinnati,* 215 F.3d 561, 573 (6th Cir.2000) (internal citation omitted). If the defendant carries this burden, then the plaintiff must prove that the proffered reason was actually a pretext. *Id.* A plaintiff may establish pretext by showing that the proffered reason 1) has no basis in fact, 2) did not actually motivate the adverse employment action, or 3) was insufficient to motivate the adverse employment action. *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1084 (6th Cir.1994).

In the instant case, Defendant argues that Plaintiff was denied a promotion because she was not qualified for the position. Defendant asserts that Plaintiff lacked the required Bachelor's degree and the needed experience and skills. Specifically, Defendant contends that Plaintiff lacked the necessary retail experience and relevant experience in negotiation and problem-solving, as well as analytical skills, creativity, and innovation. This assertion satisfies Defendant's burden of articulating a legitimate, nondiscriminatory reason for denying Plaintiff the promotion. Consequently, the burden shifts again to Plaintiff to demonstrate that Defendant's proffered reason was mere pretext.

Plaintiff makes a number of arguments as to why the Court should find that Defendant's proffered reason is pretext: 1) Defendant failed to give a valid nondiscriminatory reason for restructuring the company; 2) Defendant realigned its company in order to create a nondiscriminatory reason for denying promotions to minority employees; 3) The decisions to deny promotions were based on subjective factors; 4) Members of an unprotected class received the majority of the promotions; and 5) Plaintiff was equally qualified to those employees receiving promotions and could not be excluded for reasons other than discrimination.

As to Plaintiff's first argument, Defendant did offer a valid, nondiscriminatory reason for the reorganization. Defendant stated that each position in the merchandising department was highly specialized, thus making the teams less flexible than was required in order to address the needs of the company. By combining several positions into one, the new position would be less specialized, thus affording the company the flexibility it needs.

■ The rest of Plaintiff's arguments are unsupported assertions. Because Defendant offered a valid reason for its reorganization, Plaintiff's allegation that the reorganization was merely a vehicle for denying promotions to minority employees must have some support. Plaintiff stated that the majority of the promotions went to non-minority employees, but offered no statistics or even raw estimates in support. Similarly, although Plaintiff stated that she is as qualified as candidates who were promoted, she has not provided the Court with any information about her qualifications or the qualifications of her coworkers who were promoted. Other than unsupported assertions, the Plaintiff has offered no evidence whatsoever to demonstrate

that Defendant's nondiscriminatory reason for failing to promote Plaintiff was pretext. Furthermore, even if the Court were to accept that Defendant's reason was mere pretext, Plaintiff has offered no evidence that Defendant's decision was motivated by discriminatory intent. Even viewing all facts and justifiable inferences in the light most favorable to Plaintiff, no facts have been set forth showing that there is a genuine issue for trial. As previously noted, the Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348.

Accordingly, the Court holds that no genuine issue of material fact remains and grants Defendant's motion for summary judgment.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion for summary judgment is **GRANTED**.